## English, Appellant, v. Free.

*Negligence—Malpractice—Surgeon—Reasonable skill.*

A surgeon is not an insurer of his patients. He undertakes to possess and in the treatment of a case to employ such reasonable skill and diligence as is ordinarily exercised in his profession; and in judging of the degree of skill regard is to be had to the advanced state of the profession at the time.

In an action against a surgeon to recover damages for alleged malpractice where it appears that the defendant was a skillful surgeon in good repute, that he gave attention to the case, and that he called in to aid him two other competent surgeons, the fact that he may have been mistaken in his diagnosis, is not sufficient to convict him of negligence where the undisputed testimony of a number of surgeons was that the plaintiff's injury was such as that its exact character was very difficult to detect. The burden of proof in such a case is on the plaintiff to show by the weight of the evidence that the surgeon failed to treat him with reasonable and ordinary professional skill.

Argued April 20, 1903. Appeal, No. 41, Jan. T., 1903, from judgment of C. P. Clearfield Co., Dec. T., 1901, No. 5, on verdict for defendant in case of J. E. English v. S. M. Free. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass against a surgeon to recover damages for alleged negligence and unskillfulness in the treatment of an injury received by the plaintiff. Before GORDON, P. J.

The facts sufficiently appear in the opinion of the Supreme Court.

The court gave binding instructions for the defendant.

Verdict and judgment for the defendant. Plaintiff appealed.

*Error assigned* among others was in giving binding instructions for the defendant.

*W. C. Pentz*, with him *F. R. Scofield*, for appellant, cited: McCandless v. McWha, 22 Pa. 261.

*W. C. Arnold* and *A. L. Cole*, for appellee, were not heard, but in their printed brief, cited: Richards v. Willard, 176 Pa. 181.

PER CURIAM, May 4, 1903:

Plaintiff while working in the shops of the Buffalo, Rochester and Pittsburg Railroad Company at Dubois, Pa., in March, 1901, met with a serious accident; a car body fell upon him crushing him to the ground and seriously if not permanently injuring the hip joint; he was taken to the office of defendant, a practicing surgeon, who examined the injury, gave him morphia and had him sent to his home. He continued to treat the injured man for about four months; two other surgeons during that time were also called in to see the patient. At the end of that time Dr. Free told him he could do nothing more for him and ceased his attentions. As his hip was not well and the leg shorter than the other, English went to Pittsburg and entered Mercy Hospital where Dr. Stewart examined him; he diagnosed the injury as a dislocation of the hip-joint and treated it as such; the patient in about two weeks recovered and returned to his home; he claims however and offered evidence tending to show, that there had not been a complete restoration of the limb to its normal condition, and that this result is owing to an incorrect diagnosis of his injury by Dr. Free, and who, as he alleges, did not treat it as a dislocation which it subsequently proved to be.

The court below nonsuited the plaintiff and he appeals, arguing, that the question was one for the jury to determine whether defendant brought to the treatment of the case reasonable professional skill and diligence.

It is settled law in this class of cases, that " a surgeon undertakes to possess and in the treatment of a case to employ such reasonable skill and diligence as is ordinarily exercised in his profession; and in judging of the degree of skill, regard is

to be had to the advanced state of the profession at the time: " McCandless v. McWha, 22 Pa. 261. Taking this to be the law, the burden was on plaintiff to prove, at least by the weight of the evidence, that defendant failed to treat plaintiff with reasonable professional skill. We think the plaintiff failed in this proof. Defendant beyond question was a skillful surgeon in good repute ; he gave attention to the case ; he called in to aid him two other competent surgeons. It may be that Dr. Free was mistaken in his diagnosis ; the undisputed testimony of quite a number of surgeons, called as witnesses is that this injury is such that it is very difficult to detect its exact character. Dr. Stewart, of the hospital, called by plaintiff, who after putting English under the influence of an anesthetic, correctly diagnosed the injury as a dislocation, then reduced it, then by careful treatment practically cured him, testifies, that in the early stages of the injury it is sometimes exceedingly difficult and almost impossible to detect the exact character of the injury ; that he has known such injuries to be only correctly diagnosed by the use of X rays. And such is substantially the testimony of all the reputable surgeons called on either side. Taking plaintiff's testimony in its most favorable aspect, it only shows, not that Dr. Free did not bring to the treatment of the case reasonable skill and diligence, but that he may have been mistaken in not finding out its exact nature. To hold him answerable for not exercising more than ordinary professional skill is imposing upon him a burden heavier than the law has yet put upon the professional man's shoulders. A surgeon is not an insurer of his patients. We think the court below was right in entering a nonsuit. All the assignments of error are overruled and the judgment is affirmed.