# Spiess *v.* Ford, Appellant.

*Principal and agent—Real estate broker—Commissions.*

Where a real estate broker acts as middleman in bringing together two parties and has made no agreement as to commissions, he is entitled to receive a commission from the purchaser although he has already received one equal to the amount claimed from the seller, subsequent to the completion of the transaction.

*Opinion of court—Verbal error.*

Where the court refers to the defendant as a seller instead of a purchaser, the mistake is immaterial, where the service is rendered, and the compensation due would have resulted under either circumstance.

Argued Oct. 22, 1918. Appeal, No. 135, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, Nov. T., 1917, No. 246, for plaintiff non obstante veredicto, in the case of C. William Spiess v. Frank J. Ford. Before ORLADY, P. J., PORTER, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before CASSIDY, J., without a jury.

From the record it appeared that the plaintiff, a real estate broker, at the request of the defendant, negotiated a sale of property. Subsequent to the sale the vendor paid the plaintiff one per cent. commission. Plaintiff advised the defendant of this fact and presented his bill for one per cent. commission, which the defendant refused to pay on the ground that the plaintiff had received compensation from the vendor and was not entitled to receive commission from both parties. Case was tried before CASSIDY, J., without a jury and the finding of the court was in favor of the defendant. A motion for a new trial and for judgment n. o. v. was filed by defendant, upon which motion the appellate division of the Munici-

210, (1919).] Assignment of Error—Opinion of the Court.

pal Court entered judgment n. o. v. in favor of the plaintiff for $80.28. Defendant appealed.

*Error assigned,* among others, was entering judgment n. o. v.

*John F. Gorman,* and with him *William Gorman,* for appellant.—The plaintiff represented both parties and is not entitled to recover a commission from the defendant: Hopkins v. Mehaffy, 11 S. & R. 126; Wilkinson v. McCullough, 196 Pa. 205; Linderman v. McKenna, 20 Pa. Superior Ct. 409; Everhart v. Searle, 71 Pa. 256; Fulton v. Walter, 28 Pa. Superior Ct. 269; Lease v. Christy, 28 Pa. Superior Ct. 507.

*R. W. Archbald, Jr.,* of *Ehrlich & Archbald,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

The plaintiff brought suit in assumpsit to recover from the defendant a real estate broker's commission, for certain property he had sold at the defendant's request. The case was heard in the court below by a judge without a jury, and after hearing the testimony the court found for the defendant. Subsequently, on a motion for judgment non obstante veredicto, the court in opinion filed entered judgment in favor of the plaintiff for $80.28.

After careful examination of the testimony we accept as correct the analysis of the testimony as made by the trial judge, in the opinion he filed entering judgment and in the conclusion he reached. The question is fairly considered and rightly disposed of, under authority of Tyson v. Baizley, 35 Pa. Superior Ct. 320. The verbal error in the opinion of the court in calling the defendant a seller, instead of a purchaser, is not material, as the purpose of the transaction was the same, whether he was a purchaser or a seller. The plaintiff was entitled to compensation for services rendered at the defendant's

request, though there was no expressed verbal agreement to pay such compensation.  Even where there is no agreement as to the amount of compensation to be paid for services or work and labor, the person performing them is entitled to recover what they are reasonably worth.

We find no such error as would warrant reversing. The judgment is affirmed.