## Nixon et ux., Appellants, v. Pfahler.

*Negligence—Physicians—Malpractice — X-rays — Res ipsa loquitur—Burden of proof—Evidence—Nonsuit.*

1. An action against a physician for malpractice can be sustained only by proof of his negligence.

2. The doctrine of res ipsa loquitur is not applied against a physician and in favor of a patient who is injured while her teeth are being photographed by X-rays.

3. In such case it is immaterial that the injury was to the knee of the patient and not to her teeth or head.

4. The transmission of an electric current is a necessary part of X-ray work and cannot be separated from the operation so as to constitute a distinct act and cast upon the operator the burden of proving care in its use.

Argued January 11, 1924.   Appeals, Nos. 189 and 190, Jan. T., 1924, by plaintiffs, from order of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 473, refusing to take off nonsuit, in case of John A. Nixon, in his own right and John A. Nixon and Sarah F. Nixon, his wife, in right of said wife, v. George E. Pfahler.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.   Affirmed.

Trespass for personal injuries.   Before STERN, J. The opinion of the Supreme Court states the facts. Nonsuit.   Refusal to take off.   Plaintiffs appealed.

*Error assigned* was order, quoting record.

*George J. Edwards, Jr.,* with him *Hiram B. Calkins,* for appellant.—Defendant was liable for the injury: Alexander v. Light Co., 209 Pa. 571; Daltry v. Light, Heat & Power Co., 208 Pa. 403; Delahunt v. Tel. & Tel. Co. 215 Pa. 241; Yeager v. Electric Co., 242 Pa. 101; Fedorawicz v. El. Illuminating Co., 246 Pa. 141; Long v. Boro., 253 Pa. 92; Seeherman v. Wilkes-Barre Co.,

255 Pa. 11; Sebring v. Tel. Co., 275 Pa. 131; Lyttle v.
Denny, 222 Pa. 395; Shafer v. Lacock, Hawthorn & Co.,
168 Pa. 497; Shaughnessy v. R. R., 274 Pa. 413; Fisher
v. Ruch, 12 Pa. Superior Ct. 240; Hauer v. Electric Co.,
51 Pa. Superior Ct. 613; Fitzgerald v. Illuminating Co.,
200 Pa. 540; Herron v. Pittsburgh, 204 Pa. 509; East
End Oil Co. v. Torpedo Co., 190 Pa. 350; St. Clair v.
El. Light Co., 38 Pa. Superior Ct. 228; Booth v. Dorsey,
208 Pa. 276; Devlin v. Light Co., 198 Pa. 583.

*Ralph B. Evans,* with him *William G. Wright,* for ap-
pellee, cited: Derrick v. Electric Co., 268 Pa. 136.

OPINION BY MR. JUSTICE WALLING, February 11, 1924:
These appeals by plaintiffs are from the trial court's
refusal to take off a compulsory nonsuit in an action by
husband and wife for personal injuries to the latter.
The defendant, Dr. George E. Pfahler, has offices in
Philadelphia where he and his assistants are engaged,
inter alia, in taking and developing X-ray photographs.
The wife plaintiff, Mrs. Sarah F. Nixon, while having
X-ray photographs taken of her teeth in defendant's of-
fices on March 2, 1920, was injured by an electric spark
which struck her right knee and passed down and out at
her foot. Plaintiffs' statement in general terms charged
negligent construction, operation, etc., of the apparatus
by which the photographs were taken. At the trial no
evidence of negligence was offered, plaintiffs resting
their case solely on proof of the accident. They did,
however, call the defendant, as for cross-examination,
and his uncontradicted testimony was, in effect, that his
offices were equipped in every respect with the best ob-
tainable appliances and were at the time in charge of an
experienced and skillful operator.

The X-ray exposure necessitates the passage of an elec-
tric current of small volume but very high voltage
through a wire suspended about two feet above where
the patient reclines. The defendant's testimony was

that this current would not jump more than approximately five inches, while Mrs. Nixon testified she did not raise her leg or otherwise come near the wire. Dr. Pfahler testified that some ten thousand photographs had been taken by the same apparatus without injury and that he had never known of a like accident except in one instance where a patient brought his hand close to the wire. What caused the electric current, in the instant case, to leap from the wire through the air to the plaintiff's leg, as it seems to have done, is unknown. There was no evidence that such an accident could have been anticipated, or that it resulted on this occasion from any default on behalf of defendant. Plaintiffs make no claim of having shown any negligence, but on their behalf it is urged that negligence should be inferred from the happening of the accident. In other words, that the rule of res ipsa loquitur should be applied. We have applied that rule against carriers of passengers, and in other rare instances, but never against a medical practitioner, who is within the general rule that negligence will not be presumed from the mere happening of an accident. In the language of Mr. Justice FELL in Stearns v. Spinning Co., 184 Pa. 519, 523: "Excepting where contractual relations exist between the parties, as in the case of carriers of passengers and some others, negligence will not be presumed from the mere happening of the accident and a consequent injury, but the plaintiff must show either actual negligence or conditions which are so obviously dangerous as to admit of no inference other than that of negligence." It is well settled that an action against a physician for malpractice can be sustained only by proof of his negligence, and that the burden of such proof rests upon him who asserts it: English v. Free, 205 Pa. 624; Williams v. LeBar, 141 Pa. 149; Wohlert v. Seibert, 23 Pa. Superior Ct. 213; Napier v. Greenzweig, 256 Fed. 196. That this is not changed because the practitioner uses an X-ray instrument is expressly decided in the very recent case

of Stemons v. Turner, 274 Pa. 228, 26 A. L. R. 727, 732. That case rules the present, for in each electricity was employed in an X-ray machine to accomplish a desired result, and the rule of evidence would not shift because of the exact nature of the injury such agency inflicted. The X-ray machine is indispensable to the healing art and the mere happening of an accident from its use creates no presumption against the instrument or its operation. It is necessary for those engaged in the medical profession to constantly employ dangerous agencies, like electricity, radium, surgical instruments, poisons, anesthetics, etc., and if prima facie liability attaches for an accident resulting from the use of one, logically it should from the use of any other, and the practitioner employing such would be practically an insurer of the safety of his patients, which the law declares he is not. The question of liability does not hinge upon the dangerous character of the agency employed, but upon the manner of its use, as to which the presumption of due care is in favor of the practitioner, until overcome by evidence to the contrary.

A distinction is sought to be made between the Stemons case and the present on the ground that there the injury was to the part of the body at which the instrument was directed, while here it was not. But the transmission of an electric current is a necessary part of X-ray work and cannot be separated from the operation so as to constitute a distinct act and cast upon the operator the burden of proving care in its use. Undoubtedly the negligence of a physician may be shown by circumstantial evidence, as it may in other cases, but nothing appears here except the happening of the accident, which, as above stated, is insufficient. Furthermore, the evidence submitted shows the exercise of proper care on behalf of defendant. So far as appears, the unfortunate occurrence now under consideration was purely accidental and the trial court properly so held.

The order discharging the rule to take off nonsuit is affirmed.