## Maloney v. Ritter.

*Negligence—Res ipsa loquitur—Physicians and surgeons—Malpractice— Infection—Evidence—Sufficiency.*

1. The doctrine of *res ipsa loquitur*, dangerous and uncertain at best, is never to be applied except where it not only supports the conclusion contended for, but also reasonably excludes every other. It does not apply to an action by a patient against his physician or surgeon.

2. In an action to recover damages against his physician, the plaintiff testified that certain abscesses developed on his body at places where the defendant had made hypodermic injections about two weeks after the injections were made: *Held*, the testimony was not sufficient to justify submitting the case to the jury, and a non-suit was properly entered.

Motion to take off non-suit. C. P. Allegheny Co., Oct. T., 1923, No. 365.

Before Swearingen, Cohen and Kline, JJ.

*Horace J. Miller*, for motion; *William A. Challener*, contra.

SWEARINGEN, J., Jan. 8, 1925.—Michael Maloney, the plaintiff, brought this action against Doctor Horace S. Ritter, the defendant, to recover damages alleged to have been caused by the latter's negligence. The plaintiff resided with his sister at No. 835 Lincoln Avenue, N. S., Pittsburgh, Pa. March 4, 1923, the plaintiff called the defendant to treat him professionally. The defendant diagnosed the case as one of pneumonia. On or about the day following the defendant, by a hypodermic needle, injected into the plaintiff's buttocks a solution which was intended to counteract the disease. This treatment was repeated twice afterwards. Upon defendant's advice and by his arrangement, the plaintiff was taken, a day or so later, to the Presbyterian Hospital of Pittsburgh. Whilst there he was under the care of the authorities and nurses of the hospital. He received no further treatment from the defendant.

The plaintiff recovered from the pneumonia with which he was suffering, but after he had been in the hospital about fifteen days, abscesses developed at the places where the defendant made the punctures. These were quite serious; and the allegation was that they were caused by the unskillful treatment of the defendant.

At the close of the plaintiff's case, a judgment of compulsory non-suit was entered by the court. The plaintiff then moved to take off the non-suit.

There was no pretence that the defendant had not properly diagnosed the case. There was none that the solution which the defendant injected into the plaintiff was in any way an improper treatment. But the plaintiff asserted that the abscesses were the result of some infection, since they formed at the points of the injections; that the needle used in the operation was solely in the custody and control of the defendant; and that, therefore, the burden shifted to him to prove the needle had been properly sterilized. In other words, the plaintiff rested his case upon the doctrine of *res ipsa loquitur* and upon that alone.

Remembering the great length of time that elapsed between the injections and the development of the abscesses, we cannot agree with the plaintiff's proposition. So many causes could be suggested for the subsequent condition of the plaintiff, any one of which would be sufficient, that it would be illegal to pronounce the needle used as the proximate cause of the abscesses. Such a course would require us to start with the abscesses as a fact, then to infer some infection as the cause, and then to infer that the needle must have been unsterilized—and this last, without any evidence thereof whatever.

Maloney v. Ritter.

But we think the question raised has been decided by the appellate courts of this State; a few of the authorities are the following:

In Allen v. Kingston Coal Co., 212 Pa. 54: "The doctrine res ipsa loquitur, dangerous and uncertain at best, is never to be applied except where it not only supports the conclusion contended for, but also reasonably excludes every other."

In Stemons v. Turner, 274 Pa. 228, the court held that the Common Pleas erred in its instructions, inter alia, saying: "This applied the rule res ipsa loquitur to the case and permitted the injury to the plaintiff and nothing else to speak the negligence; a rule which we have said (see above citations) does not apply as between doctor and patient."

In Nixon v. Pfahler, 279 Pa. 377, the court held: "It is well settled that an action against a physician for malpractice can be sustained only by proof of his negligence and that the burden of such proof rests upon him who asserts it:" citing cases, including Stemons v. Turner, 274 Pa. 228.

In view of the foregoing, we are obliged to hold that the doctrine invoked by the plaintiff does not apply to this case. Having no other ground upon which to rest his plea, the judgment already entered must stand.

From William J. Aiken, Pittsburgh, Pa.