## McBRIDE v. ROY.

No. 25811. June 16, 1936.

Bailey E. Bell and W. Clif Klein, for plaintiff in error.

Quincy J. Jones, for defendant in error.

PHELPS, J. The plaintiff sued to recover for pain and suffering and alleged injuries resulting from malpractice of the defendant physician. The trial court sustained a demurrer to the evidence of plaintiff, who appeals.

The plaintiff fell from a ladder and injured his hip. He was put to bed. The defendant was called and upon examination of the plaintiff gave it as his opinion that plaintiff was suffering from torn ligaments and strained muscles. He prescribed rest and quiet in bed. It also appears that at one time he directed the plaintiff's wife to rub and massage the affected area. The plaintiff remained in bed under this treatment for a month or more, suffering considerable pain, but in the meanwhile had not requested the defendant's return. During this period, however, the plaintiff's wife visited the defendant's office several times and was told that the plaintiff should continue staying in bed, letting nature take its course in effecting recovery.

The plaintiff then obtained the services of a specialist in bone and joint surgery. This specialist had an X-ray picture taken, which revealed that the hip was dislocated and broken, by an impacted fracture. The specialist performed an operation which resulted in plaintiff's recovery, at least to the extent of being able to get up and about, with the assistance of a cane, though not able to work. Thereafter, the present suit was filed.

Because this appeal has come to us by reason of the sustaining of a demurrer to plaintiff's evidence we have read the entire record, whereby it became at once apparent that the action of the trial court in sustaining the demurrer is thoroughly justified. The plaintiff's evidence falls far short of establishing his right to recover for unskillful or negligent treatment by the defendant. The plaintiff's own expert witness, the specialist who performed the operation, the only witness on this subject, testified that there are probably 25 different methods of treatment for a dislocated or broken hip, but that the usual method, and one quite commonly resorted to, is to merely let the patient remain quiet in bed, permitting the bones to knit together by nature's own healing process. This is exactly what the defendant prescribed, though admittedly under the wrong diagnosis. The specialist also testified that the operation which he performed was rather the unusual instead of the ordinary method of treatment, and that such operation is resorted to when the patient desires to return to work more quickly than in the average case. He testified that frequently such patients are required to remain in bed for six or nine

months, and that operations such as he performed are sometimes performed a year after the accident.

It appears that the negligence upon which plaintiff's case rested consisted of the failure to properly diagnose the case, which included the failure to immediately X-ray the injury. We do not hold that such could not constitute negligence, in a proper case, but we do hold that it does not constitute actionable negligence unless it is shown that plaintiff was injured in some manner by such erroneous diagnosis. There is no such evidence here. Admitting, for the sake of reasoning, that the diagnosis was incorrect, or even that it was negligently incorrect, the evidence reveals that nevertheless the defendant prescribed a treatment which was proper under the circumstances, and entirely fitting to that true condition of plaintiff which a correct diagnosis would have revealed. There is no evidence in this record that proper care would have required a different method of treatment if the correct diagnosis had been made in the beginning.

It is true that there is abundant evidence of plaintiff's suffering, but it is not shown to have resulted from the treatment instead of the injury; nor is there any evidence that under some other form of treatment the suffering would have been alleviated, or that the operation should have been performed sooner.

We do not overlook the fact that the defendant prescribed rubbing and massaging, in addition to the rest and quiet. There is no evidence that this was improper. For all we know, from the face of the record, it may have been one of those "probably 25 different ways by various men who have their own particular ways of doing things", as testified by the plaintiff's expert. There was no evidence that any of those ways are wrong. If we should hold as a matter of judicial knowledge that rubbing and massage are opposed to rest and quiet, the fact remains that, although rest and quiet are one of the recognized treatments, rubbing and massage were not shown to have been unrecognized or improper.

Plaintiff complains bitterly of the hardship of proof in malpractice cases. This is a situation which, if true, we are powerless to remedy. Basically there is little if any difference between the rules of negligence as applied in malpractice cases and as applied to other cases. In any kind of negligence case the burden is upon the plaintiff to establish his injury, and that the injury resulted from the negligence of the defendant in failing to observe the particular degree of care required in the premises. The degree of care required of a physician or surgeon in the treatment of his patient is that degree of care which is ordinary under the circumstances of the particular case. He is not an insurer, nor is there any guaranty of cure unless it is so represented by him. For the reason that the course he should pursue, in many cases, and in the light of foresight, is purely a matter of opinion, in which some of his professional brethren would agree and some disagree, he is not held responsible for an error in judgment unless that error is so great as to constitute negligence. Negligence may consist of an error in judgment, or cause it, or grow from it, but an error in judgment is not necessarily negligence.

But, however all of that may be, the plaintiff in the instant case failed to offer any evidence tending to prove that any of his suffering was attributable to any act or omission of the defendant. On the contrary, he made it affirmatively appear that the treatment rendered was in the exercise of due care according to medical practice and experience. Custom and usage are not necessarily determinative of whether proper care was used, but they help considerably on the question; in any event, and by whatever method of proof it should have been attempted, the burden of proof was upon the plaintiff to establish the alleged negligence and his resultant injury, failing in which, it was the duty of the trial court to sustain the demurrer. The judgment is affirmed.

OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur.