## KLEIN et al. v. PRICE.

No. 25279.   Sept. 29, 1936.

Rehearing Denied Dec. 8, 1936.

Application for Leave to File Second Petition for Rehearing Denied March 2, 1937.

Shirk, Danner & Earnheart and Samuel Neff, for plaintiffs in error.

Foster & Roper, for defendant in error.

RILEY, J.   This is an action for damages for personal injuries brought by Herman Lee Price by his mother as next friend.

On June 27, 1932, as plaintiff was walking along the sidewalk in front of a two-story brick veneer building located at the southwest corner of Main street and Western avenue in Oklahoma City, a portion of the north wall of said building collapsed and brick and a part of the stone coping on the top of the wall fell and struck plaintiff, fracturing his skull and otherwise injuring him. There was a verdict and judgment in his favor in the sum of $7,000, and defendants appeal.

The pleadings are such as to bring the case within the doctrine of res ipsa loquitur.

There are 33 specifications of alleged error in the petition in error, but in the brief they are reduced to nine, and these are presented under five propositions.

It is first asserted that:

"The evidence of the defendants adequately met and overcame the inference arising from res ipsa loquitur, and hence the verdict is not supported by the evidence and is contrary to law."

Plaintiff introduced evidence tending to show that the thing which caused the injury was owned by defendants and under their exclusive control and management.

The cases affording common illustrations of the circumstances under which the doctrine of res ipsa loquitur is applicable are legion. Among these are cases of falling walls: Soreiro v. Penn. Ry. Co., 86 N. J. L. 642, L. R. A. 1915C, 710; Mullen v. St.

John, 57 N. Y. 567. In the latter case the trial court gave an instruction containing the following:

"When the plaintiff proved that the building fell into the street and injured her, she had made out a case, in the absence of any explanation on the part of the defendants, as buildings do not usually or necessarily fall, and that it is for the jury to say, under all the evidence, whether that explanation on the part of the defendants is reasonably made."

Upon appeal the instruction was approved.

This is a fair statement of the general rule. Whatever term may be used as to the effect of the doctrine, it is quite generally held that when a state of fact is shown by the plaintiff sufficient to bring the case within the doctrine of res ipsa loquitur, in order to escape liability the defendant must go forward with such explanation as he may have as to the reason for the happening of the event which caused the injury. It is then, as a general rule, a question for the jury, under all the evidence, whether the explanation on the part of the defendant is sufficient to meet and offset the prima facie case made by the plaintiff. It is only in unusual cases where the court would be justified in saying as a matter of law that the prima facie case has been fully met or overcome.

If from the evidence as a whole the minds of all reasonable men must agree that negligence is not shown, then the court could say as a matter of law no liability is shown and a verdict should be directed for defendant.

In the instant case, as in Mullen v. St. John, supra, a portion of the front wall of the building, without any special circumstances of storm or violence, fell into the street. There is some evidence tending to show that the building, in some respects, was out of repair. It was erected about 1904 or 1905, and was therefore some 27 or 28 years old. There was evidence tending to show that there were, and had been for sometime, cracks in the wall from which the bricks and stone fell, extending upward from about the floor of the second story. The evidence of defendants tended to show that the building, to all outward appearance, was in perfect condition, and that whatever defect there might have been was latent or not apparent by an ordinary inspection.

With the evidence in such state we cannot say as a matter of law that the prima facie case made by plaintiff was fully met and overcome. There was unquestionably a question for the jury as to whether defendants had used due care.

It is contended that the court erred in the admission of certain evidence offered by plaintiff and in rejecting evidence offered by defendants. A careful examination of the record discloses no substantial error therein.

The contention that the prevailing party was guilty of misconduct is not sustained by the record.

Complaint is made of alleged improper and prejudicial remarks. There is no assignment of error under which this question may be properly presented. But if there were, the contention is without substantial merit.

The fifth and last proposition is that the court erred in giving certain instructions over the objection of defendants, being numbered 4, 10, 12, and 13.

Plaintiff asserts that there is a joint assignment of error and it must be good as to all four instructions or fail. They are all grouped under the one proposition and presented thereunder, but they are separately assigned in the petition in error. So the contention of plaintiff in this regard cannot be sustained.

As to instructions numbered 4 and 10, there is no serious objection.

By instruction No. 4, the court placed the burden upon plaintiff to show by a preponderance of the evidence his injuries due to the falling of a portion of the brick wall upon him as he was passing along and upon the sidewalk; that upon testimony showing this state of facts, "It is then incumbent upon defendants to show and explain that they used ordinary skill in keeping said building in good condition and free from hazards and danger to passersby or people passing along the sidewalk at or near the building."

There is great diversity of opinion, where the plaintiff has made a case sufficient to come within the doctrine, as to whether such showing creates a "presumption" of negligence or an "inference" of negligence, or merely creates a situation for the application of the rule of circumstantial evidence in civil actions. 45 C. J. 1198-99.

The terms "presumption" and "inference" are used interchangeably, and in practice

are considered as having the same meaning and import.

Our attention is called to no case where a judgment for plaintiff was reversed because of such an instruction. The same may be said of instruction No. 10. Neither of said instructions compelled the jury to infer negligence as claimed by defendants. Such instructions are generally held to place the burden upon the defendant to go forward with the evidence, such as he may have, to refute the prima facie case made by the plaintiff.

It is contended that the court committed reversible error by instructions 12 and 13.

In No. 12 the court properly instructed the jury as to the meaning of the term "ordinary care" as applied to the duty of defendants to keep the building in question in proper and safe repair. So far the instruction is not subject to criticism except for some rather awkward expressions therein. But the instruction further stated:

"And in this case, if you find from a preponderance of the evidence that defendants did use such degree of care, then your verdict should be for defendants, but, on the other hand, if you find from the evidence that the defendants did not exercise such ordinary care, * * * then your verdict should be for the plaintiff. * * *"

Instruction No. 13, after telling the jury that defendants were not insurers of the safety of the building, further stated:

"However, the defendants were required to use or exercise ordinary care in the upkeep and maintenance of the building and all its parts, which includes the north wall."

Thus far this instruction is not objectionable. But it then reads:

"In this case, if you find from a preponderance of the evidence that defendants used ordinary care, * * * your verdict should be for the defendants, but if you find and believe from the evidence that defendants did not use ordinary care, * * * then your verdict will be for the plaintiff."

Instructions which in effect cast the burden upon defendant to prove freedom from negligence by a preponderance of the evidence are generally condemned. While the instructions given are subject to some objection, we do not consider that the error therein, if any, is of such magnitude, or of such importance, as to require a reversal in this case. Twice the jurors were told that the verdict should be for the plaintiff if they found and believed from the evidence that defendants failed to use ordinary care

in the maintenance of the building. It seems certain that the jury so found, otherwise the verdict would not have been for plaintiff.

In Abrams v. City of Seattle (Wash.) 111 P. 168, it is said:

"'When the physical facts surrounding an accident in themselves create a reasonable probability that the accident resulted from negligence, the physical facts themselves are evidential and furnish what the law terms evidence of negligence. in conformity with the maxim "res ipsa loquitur." It would seem more accurate to say, not that negligence is presumed from the mere fact of the injury or accident, but, rather, that it may be inferred from the facts and circumstances disclosed, in the absence of evidence showing that it occurred without negligence.' Jaggard on Torts, p. 938. Practically speaking, it is immaterial whether to the duty of explaining the cause of the accident which the law imposes upon appellant we apply the term 'burden of proof' or the term 'preponderance of the evidence'."

When the evidence was all in, it then became a question for the jury to say whether the preponderance thereof was for the plaintiff. The jury did so find. By that finding the jury eliminated the possibility of a finding that the preponderance of the evidence on the question of ordinary care of defendants was with the defendants or that the evidence was equally balanced.

From the record as a whole it appears that the jury was in no way misled or influenced by the instructions; there may be technical error therein. If so, those errors are by us considered harmless.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent. PHELPS, J., not participating.