## COOPER v. McMURRY.

No. 31391. May 29, 1944.

*149 P. 2d 330.*

E. H. Gipson, of Sayre, and Mitchell & Mitchell, of Clinton, for plaintiff in error.

Arney & Barker, of Clinton, for defendant in error.

PER CURIAM. This action was instituted by W. E. Cooper, hereinafter referred to as plaintiff, against Dr. J. F. McMurry, hereinafter referred to as defendant, to recover damages alleged to have been sustained as the result of malpractice in the use of an X-ray machine in the making of a diagnosis.

On December 1, 1939, plaintiff went to the defendant, a regular licensed and practicing physician, to be examined for a stomach disorder. The use of X-ray in making a diagnosis was indicated and defendant made a fluoroscopic examination of plaintiff's stomach. The exposure of plaintiff to the X-ray resulted in a severe burn which required some time to heal and caused plaintiff to lose considerable time from his employment and to incur considerable expense for treatment. The plaintiff alleged that the failure of defendant to exercise reasonable and ordinary care, skill, and diligence possessed by others in the same line of practice and work in similar localities was the proximate cause of his injury or else the injury had been caused by defects in the machine which should have been known to the defendant. The defendant admitted the relation of patient and physician and that he had made a fluoroscopic examination of the plaintiff to better diagnose the cause of

plaintiff's disorder and that in the course of said examination plaintiff sustained a severe X-ray burn, but defendant alleged that he had exercised the reasonable and ordinary care, skill, and diligence possessed by others in the same line of practice and work in similar localities in making said examination and that the machine used was free from any defects or imperfections, and that the injury of plaintiff had resulted from an unknown deficiency in plaintiff's system or an unusual sensitivity of plaintiff's skin which could neither be foreseen nor guarded against. Trial was had to a jury. The evidence adduced was in conflict in some respects but tended to establish, substantially, that in the operation of the X-ray burns do occasionally occur in the ordinary course of exposure and notwithstanding the utmost diligence and skill used to prevent them, and that the reason therefor is persons of certain types and temperament are susceptible to burns while persons of different types and temperament under the same circumstances will not suffer a burn. The evidence further disclosed that the idiosyncrasy of the individual cannot be determined before or during the time of exposure but is manifested by subsequent developments. The evidence further disclosed that defendant possessed the usual skill and experience of others engaged in the same line of practice and work in similar localities. There was no proof that defendant had failed to use the standard dosage in the examination of the plaintiff nor was there any proof that the machine used was in any manner defective. Proof of plaintiff was directed principally to showing that ordinarily a burn did not occur where proper practice was pursued and the burn had occurred in his case. In other words, proof of plaintiff rested almost entirely upon the doctrine of res ipsa loquitur. Under the evidence, substantially as above narrated, the jury returned a verdict in favor of the defendant. Judgment followed the verdict, motion for new trial was overruled, and plaintiff has perfected this appeal.

As grounds for reversal of the judgment below, the plaintiff submits the following propositions:

"1. The plaintiff made a prima facie case of negligence against the defendant and should have had a verdict and judgment against the defendant.

"2. The court failed to instruct fully on the doctrine of res ipsa loquitur, and did not define the degee of care required in this case; and erred in refusing instructions offered by the plaintiff."

Although plaintiff's action was one to recover damages for injury alleged to have been sustained as a result of malpractice, the plaintiff contends that his action was one based upon the doctrine of res ipsa loquitur and that his evidence was sufficient to establish the fact that the X-ray machine was wholly within the control of the defendant, and that the injury caused by the use of the machine speaks for itself and raises a presumption of negligence on the part of the defendant which could only be overcome by proof to the contrary, and thus made out a prima facie case for the plaintiff. In support of the contention so made, our attention is directed to 45 C.J. 45; Sand Springs Park v. Schrader, 82 Okla. 244, 198 P. 983; Bourguignon v. Peninsula R. Co., 40 Cal. App. 689, 181 P. 669. An examination of the text and cases cited will reveal that they have no application to actions brought to recover damages for malpractice. It is generally held that the doctrine of res ipsa loquitur is without application to malpractice actions brought by a patient against a physician. See Hembree v. Von Keller, 189 Okla. 439, 119 P. 2d 74; Kernodle v. Elder, 23 Okla. 743, 102 P. 138; Nixon v. Pfahler, 279 Pa. 377, 124 Atl. 130; Runyan v. Goodrum, 147 Ark. 481, 228 S.W. 397, 13 A.L.R. 1403; Kuehnemann v. Boyd, 193 Wis. 588, 214 N.W. 326; Ballance v. Dunnington, 241 Mich. 383, 217 N.W. 329, 57 A.L.R. 262, and cases cited under the A.L.R. annotation. The reason why this is the rule was succinctly stated in

Nixon v. Pfahler, supra, in the following language:

"It is necessary for those engaged in the medical profession to constantly employ dangerous agencies, like electricity, radium, surgical instruments, poisons, anaesthetics, etc., and if prima facie liability attaches for an accident resulting from the use of one, logically it should from the use of the other, and the practitioner employing such would be practically an insurer of the safety of his patients, which the law declares he is not. The question of liability does not hinge upon the dangerous character of the agency employed, but upon the manner of its use, as to which the presumption of due care is in favor of the practitioner, unless overcome by evidence to the contrary. . . . "

The plaintiff's case rests upon the alleged negligence of the defendant in administering an excessive dosage and plaintiff has the burden of showing that the burn had been caused by an overdosage or improper exposure of his body and that this had been brought about by failure of the defendant to exercise the reasonable and ordinary care, skill, and diligence possessed by others in the same line of practice and work in similar localities. As said in Hembree v. Von Keller, supra:

"A physician is not responsible for damages for want of success, unless it is shown to be the result of want of ordinary skill and learning, such as ordinarily possessed by others of his profession practicing in the general community, or for want of ordinary care and attention. He is not presumed to engage for extraordinary skill or for extraordinary diligence or care, nor can he be made responsible in damages for errors in judgment; or mere mistakes in matters of reasonable doubt or uncertainty."

See, also, in this connection, Stagner v. Files, 182 Okla. 475, 78 P. 2d 418; McBride v. Roy, 177 Okla. 233, 58 P. 2d 886.

Under the second proposition the plaintiff contends that three requested instructions should have been given and two instructions given by the court should have more fully defined the degree of care which the defendant was bound to exercise. The instructions requested would have had the court advise the jury that the burn was to be considered as evidence of the fact of negligence. In other words, that the doctrine of res ipsa loquitur was to be applied in arriving at their verdict. Plaintiff cites Shawnee Light & Power Co. .v. Sears, 21 Okla. 13, 95 P. 449; Klein v. Price, 179 Okla. 272, 65 P. 2d 198; Champlin Refining Co. v. George, 182 Okla. 118, 76 P. 2d 895; Sand Springs Park v. Schrader, supra, as well as other cases from this and other jurisdictions to support the contention. The authorities cited are not in point for the reason that we have heretofore held that the doctrine of res ipsa loquitur is inapplicable in malpractice cases. That it is not error to refuse instructions upon an untenable theory is too well settled to require citation of authorities.

Plaintiff next contends that instructions Nos. 12 and 13 as given by the court are deficient for the reason that they assumed that the defendant was charged with negligence and lack of skill in making an examination of plaintiff and defined the degree of care required by a physician in such circumstances, whereas the instruction should have been upon the duty of one using a dangerous instrument such as X-ray and should have advised the jury that a different and higher degree of care rested upon the user of such machine. The cases of Runyan v. Goodrum and Sand Springs Park v. Schrader, supra, and Henslin v. Wheaton, 91 Minn. 219, 97 N. W. 882, cited by plaintiff, do not support the contention so made. For the reason stated in Nixon v. Pfahler, supra, we are of the opinion that the use of an X-ray machine in diagnosis and treatment by a physician does not impose a different liability upon a physician from that which rests upon him in the use of any other dangerous instrument or drug, and that instructions which clearly define the duty of a physician in an ordinary action brought to recover damages for malpractice are sufficient. The instructions concerning which

plaintiff complains appear to have fully and clearly advised the jury upon the issue which it was called upon to determine. This was all that was necessary.

As pointed out in McBride v. Roy, supra, there is but little difference between the rules of negligence as applied in malpractice cases and as applied in other cases. The burden is upon the plaintiff to prove that the injury resulted from negligence of the defendant in failing to observe the degree of care required in the premises. The evidence in the case at bar was in conflict upon the issue of negligence. The jury found for the defendant upon this issue and the finding is supported by competent evidence shown in the record. Under these circumstances, the verdict is conclusive as to the disputed facts. No reversible error of law has been made to appear.

Judgment affirmed.

CORN, C.J., GIBSON, V. C. J., and BAYLESS, HURST, and ARNOLD, JJ., concur.