**Frank PEARCE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 9511.**

United States District Court
W. D. Oklahoma.

Dec. 7, 1964.

Don Manners, Oklahoma City, Okl., for plaintiff.

Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl., for the United States.

Robert L. Berry, Oklahoma City, Okl., for Veterans Adm'n Hospital and Dr. R. O. Kelly.

Foliart, Shepherd & McPherren, Oklahoma City, Okl., for Dr. Gilbert S. Campbell.

BOHANON, District Judge.

*Findings of Fact*

The plaintiff seeks to recover damages under the Federal Tort Claims Act for alleged negligence in the diagnosis and operations performed upon him while he was a patient in the U. S. Veterans Ad-

ministration Hospital in Oklahoma City from April 6, 1960, to May 30, 1960.

The plaintiff is 44 years of age and was formerly employed at Tinker Field in Oklahoma City, and now retired. On about April 1, 1960, the plaintiff consulted his private physician, Dr. G. S. Collins, complaining of pains in the gastric area, vomiting blood and passing blood-stained stools, which was diagnosed as bleeding peptic ulcers. Sedatives and ulcer diet was prescribed.

Upon the suggestion of Dr. Collins the plaintiff reported to and was admitted to the U. S. Veterans Hospital in Oklahoma City on April 6, 1960, relating the same complaints. Upon admission, blood transfusions were administered and every effort was made medically to stop the bleeding of the plaintiff.

On the night of April 7, 1960, the plaintiff began to massively bleed, and after careful evaluations and extensive consultations by the medical and surgical sections of the V. A. Hospital it was decided that a gastric resection should be performed. The actual cause of the bleeding was not discovered in this operation. During the operation no abnormalities of the esophagus or vessels were noted, but the spleen was enlarged and the stomach was moderately distended and a gastrectomy was performed. For a brief time after the operation the bleeding did stop.

Shortly after the operation above referred to, the plaintiff developed severe bleeding again, but the plaintiff had recuperated sufficiently to permit proper X-rays to be taken, and other medical tests to be performed, which could not have been taken prior to the operation above referred to because of the plaintiff's critical condition on admission to the hospital. The plaintiff was again admitted to surgery on April 26, 1960, at which time the spleen was removed and a "spleno-renal shunt" operation was performed, which stopped the esophageal bleeding, and no upper gastric bleeding has occurred since this operation. Each of the operations was performed at the request of and with the knowledge and consent of the plaintiff. The Court finds that the plaintiff is physically able to follow some types of gainful occupation.

This plaintiff was treated and cared for by the V. A. Hospital staff with the utmost care and consideration, and all treatment administered and decisions made conformed to that degree of care which should have been exercised under the circumstances in this case.

This case was tried in two sections; that is, on two different dates, requiring the Court to review the files and testimony of the former hearing, and the Court finds from all the evidence that the named doctors in the complaint were in the employ of the defendant, United States of America, and that both of the doctors are well qualified to perform the duties of their chosen profession. That they are doctors of experience, qualification, caution, and skilled in their chosen profession. That they, nor anyone aiding them in the performance of their services rendered the plaintiff in this case, were not negligent in any degree, and that they performed the professional services upon the plaintiff in a skillful, scholarly, and professional manner, and because of their unusual skill, training, experience, qualifications, and services rendered this plaintiff, they did in truth and in fact save his life.

*Conclusions of Law*

This Court has jurisdiction over the parties and subject matter by virtue of Federal Tort Claims Act, 28 U.S.C.A. 1346(b).

■■ In this case involving allegations of malpractice the basic rules of negligence must be applied as in other negligence cases. The degree of care required of a physician or surgeon in the treatment of a patient is that degree of care which is ordinary under the circumstances of the particular case. The attending physician or surgeon is not an insurer, nor is he a guarantor of a cure. McBride v. Roy, 177 Okl. 233, 58 P.2d 886.

■■ Proof of malpractice requires proof among other things as to the rec-

ognized standards of the medical care and treatment in the community in the particular kind of case with the showing that the physician negligently departed from these standards in his treatment or diagnosis of the condition of the plaintiff, none of which were proved in this case. The plaintiff has failed to sustain the burden of proving the injuries or disabilities alleged to have been suffered by the plaintiff were occasioned by any failure of the defendant's doctors to use and exercise ordinary skill, care, diligence, and learning as possessed by physicians in the Oklahoma City area. Ewing, et al. v. Goode, 6 Cir., 78 F. 442 (1897); Reed v. Church, 175 Va. 284, 8 S.E.2d 285; and DeZon v. American President Lines, 318 U.S. 660, 63 S.Ct. 814, 87 L.Ed. 1065.

The evidence in this case revealed that the plaintiff was critically ill with obscure symptoms as to the cause of bleeding internally and a stomach resection was performed because of massive bleeding. It is the conclusion of this Court that the doctors, in the exercise of their diagnostic procedures, used ordinary care and judgment in their conclusions and diagnosis. A wrong diagnosis or mistake in diagnosis does not prove that it was a negligent one. Where the symptoms are obscure, as in this case, there is no liability for a mistake in diagnosis. McHugh v. Audet, D.C., 72 F.Supp. 394 (1947); DeZon v. American President Lines, 318 U.S. 660, 63 S.Ct. 814, 87 L.Ed. 1065; and Ewing, et al. v. Goode, 6 Cir., 78 F. 442.

In all of the medical procedures referred to in the complaint or contained in the trial record, there were no negligent activities or careless procedures undertaken, carried out, or performed by any of the treating doctors or any of the servants, employees, or agents of the defendant, whether they were consultants, technicians, surgeons or others acting within the scope of their employment at the U. S. Veterans Administration Hospital in Oklahoma City, Oklahoma, while the plaintiff was hospitalized from April 6, 1960, to May 30, 1960.

It is concluded that there is no evidence of probative value indicating any failure on the part of the defendant's doctors or that they were in any way guilty of any acts of omission or commission which could be considered as negligent.

It is therefore ordered that in conformity with the foregoing Findings of Fact and Conclusions of Law that Judgment be entered for the said defendant, United States of America.