An appropriate Order follows.

Homer REEG, Plaintiff,

v.

Jack D. FETZER, M.D., Inc., and Dr. Dennis M. Shaughnessy, Defendants.

No. CIV–75–0245–D.

United States District Court, W. D. Oklahoma.

May 12, 1976.

Wayne Wells, Larry Tawwater, Oklahoma City, Okl., for plaintiff.

Robert C. Margo, Calvin W. Hendrickson, Nancy C. Laughlin, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action for alleged medical malpractice arising from treatment rendered by Defendant Shaughnessy to Plaintiff for an injury to his right hip. Defendant Shaughnessy was employed by Defendant Fetzer at the time Plaintiff's treatment was rendered. The treatment in question was rendered in Woodward, Oklahoma following an injury occurring January 9, 1974. The Pre-trial Order filed on August 12, 1975, indicates that Defendant Shaughnessy was a physician engaged in the general practice of medicine and the duty and standard of care concerning same would be the critical legal issue involved in the case.

Defendants have filed a Motion to Quash Notice to Take Depositions which Motion possibly incorporated a Brief and to which a Supplemental Brief has been filed. Plaintiff has filed a Brief in Response to said Motion opposing same. The Motion requests that a deposition noticed by Plaintiff to depose the registrar of a medical school where Defendant Shaughnessy apparently participated in a residency program be quashed. It appears he failed to complete the residency program.[1] Defendants urge that records of Defendant Shaughnessy's incompleted residency program would be neither relevant nor even remotely apt to lead to relevant information pertaining to the instant action. It is further urged that the information sought is privileged. Defendant also complains of the expense of attending a deposition at a distant place where the information sought is not relevant as urged above. The Defendants in their Supplemental Brief urge that the records pertaining to professional training are privileged pursuant to the provisions of 20 U.S.C. § 1232g relating to privacy rights in regard to the release of education records of institutions which receive Federal funds.[2] The provisions relied on specifically are contained in subsection (b)(2) of said statute which provides:

"No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is per-

---

1. The Notice to Take Deposition filed by Plaintiff on January 26, 1976, does not designate materials to be produced by deponent nor have attached a subpoena duces tecum designating materials to be produced pursuant to Rule 30(b)(1), Fed.Rules Civ.Proc. The Court is thus required to rely on the allegations in the Motion and Briefs to determine the subject of the deposition in question.

2. For the purposes of the instant Motion, the Court will presume the educational institution in question receives Federal funding of some nature.

mitted under paragraph (1) of this subsection unless—

    (A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or

    (B) such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency."

Plaintiff in his response urges that the statute relied upon does not constitute a privilege and is an attempt to merely control the improper release of information which is of a personal nature. It is argued that same does not prohibit the release of information, but sets up guidelines for such release and specifically provides for release of information pursuant to judicial order. As to the relevance issue, Plaintiff states he seeks the material in question to determine facts and circumstances surrounding Defendant Shaughnessy's premature termination of a general surgery residency. It is urged that it would constitute or possibly lead to pertinent information in regard to Defendant Shaughnessy's training in orthopedics.

■ The privilege referred to in Rule 26(b), Fed.Rules Civ.Proc., permitting discovery of any unprivileged matter which is relevant to the subject matter involved in a pending action means privilege as determined by the rules of evidence. *Kinoy v. Mitchell,* 67 F.R.D. 1 (S.D.N.Y.1975). A party objecting to discovery on the ground of privilege has the burden of establishing the existence of privilege. *Pleasant Hill Bank v. United States,* 58 F.R.D. 97 (W.D. Mo.1973). In the instant case, Defendants have failed to meet their burden. The statute relied upon relates to "privacy" and would appear to establish procedures for advising or notifying a person when educa-

tional records pertaining to said person are to be released pursuant to a judicial order. The Court determines that the information sought does not appear to be privileged pursuant to rules of evidence.

■ The relevancy aspect of the instant Motion presents a difficult question considering that the applicable test is whether the requested matters for discovery are calculated to lead to admissible evidence. In *Hawes v. C. E. Cook & Company,* 64 F.R.D. 22 (W.D.Mich.1974) the Court stated in regard to Rule 26(b)(1), supra, as follows:

    "Plainly, the scope of discovery is broad, but not unlimited. The basic positive touchstone is relevance, including the reasonable possibility that the information sought would lead to admissible evidence. One fundamental limit is privilege.

    "Thus, the issue is whether the matters sought to be discovered are relevant to the subject matter of this suit."

In applying the above stated test to the instant case, the subject matter of the instant lawsuit is the medical treatment provided Plaintiff by Defendant Shaughnessy following the injury to his hip in January of 1974.

Rule 401, Fed.Rules of Evidence provides:

    " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In *Pearce v. United States,* 236 F.Supp. 431 (W.D.Okl.1964) the Court stated:

    "Proof of malpractice requires proof among other things as to the recognized standards of the medical care and treatment in the community in the particular kind of case with the showing that the physician negligently departed from these standards in his treatment or diagnosis of the condition of the plaintiff . . . ."

In applying the general standards which appear to apply to the instant case, it does not appear that evidence in regard to a

physician's medical training would be relevant as to the treatment of Plaintiff by said physician. In particular, as the Pre-trial Order in this case indicates that Defendant Shaughnessy was engaged in the general practice of medicine and the duty and standard of care would be measured on such basis, evidence as to his failure to complete a specialty residency training would not only be irrelevant, but would possibly be prejudicial and any probative value it might have would be far outweighed by the prejudicial effect of same. Such evidence would be excluded by Rule 403, Fed.Rules of Evidence which provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Looking back to the provisions of Rule 26(b)(1), supra, it does not appear that the information sought by Plaintiff to which the instant Motion to Quash is directed is a proper subject of discovery in this action. Said Motion which properly is considered a Motion for Protective Order pursuant to Rule 26(c), Fed.Rules Civ.Proc. is sustained on the basis the Court finds the discovery which is the subject of Plaintiff's Notice to Take Deposition filed herein January 26, 1976, should not be had as the information sought lacks the required relevance or if deemed relevant should be excluded on the basis of unfair prejudice and confusing and misleading the jury. Rule 403, Federal Rules of Evidence.