NUNZIO FRATTALLONE DI GANGI, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. DANIEL E. LÓPEZ PRITCHARD, demandado; HULL DOBBS CO. y HARRY DOHNERT, interventores.

*Número*: C-66-82     *Resuelto*: 24 de febrero de 1967

*J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del peticionario; *Orlando J. Antonsanti* y *Ernesto González Piñero,* abogados de los interventores.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

El Departamento de Justicia, a través del fiscal Nunzio Frattallone Di Gangi, inició una investigación para determinar el uso indebido de los marbetes expedidos por el Secretario de Obras Públicas para ser fijados a las tablillas de los vehículos de motor. Sec. 2-402(b) de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 482. Con motivo de un informe de la Oficina del Contralor se descubrió la práctica de algunos traficantes de obtener marbetes para vehículos usados y de modelos anteriores mediante el pago de derechos de licencias mínimos que luego se utilizaban en vehículos nuevos o de modelos más recientes, evadiéndose en esa forma el pago de los derechos más altos prescritos por ley para esta última clase de vehículos.

En 23 de marzo de 1966 el mencionado fiscal dirigió una citación a los señores Kenneth G. Lancaster y Harry Dohnert, ejecutivos de la empresa Hull Dobbs Company of Puerto Rico, para que comparecieran el día 19 de abril para fines de la referida investigación, apercibiéndoseles que de no comparecer se les consideraría incursos de una infracción a la Ley Núm. 3 de 18 de marzo de 1954, 34 L.P.R.A. secs. 1476–1479. En la parte inferior de la citación se le adicionó una nota que leía como sigue: "Trayendo consigo todos los documentos relacionados con las adquisiciones de marbetes según

se especifica en la relación que se acompaña y que forma parte de esta citación a todos los efectos de ley." En la relación de referencia se identifican el número del marbete, la marca y el modelo del automóvil a que se refiere, el número de la licencia o tablillas expedidas, y, respecto al cheque mediante el cual se verificó el pago, su número, fecha e importe.[1] En cumplimiento de la citación *compareció* en la fecha indicada el señor Dohnert,[2] quien admitió ser el funcionario que tenía bajo su custodia los documentos y récords de la corporación mencionada, e informó que solamente podía producir los cheques cancelados a que se refería la relación. Ante esta situación el fiscal informó que los cheques eran solamente parte de la documentación requerida, solicitándose entonces por Dohnert y su abogado el Lic. B. Sánchez Castaño que se le concediera un término para buscar los otros documentos que se interesaban. En 12 de mayo, fecha fijada para producir los documentos, *comparecieron* nuevamente e informaron sobre su disposición a entregar los cheques y "que no tenían ningún otro documento relacionado con la adquisición de los marbetes".

En vista de esta posición asumida por el representante de Hull Dobbs Company of Puerto Rico, el fiscal recurrió ante el Tribunal Superior, Sala de San Juan, mediante un escrito que intituló "moción" en el cual relató los hechos expuestos anteriormente, y además señaló que "estos documentos son necesarios en una investigación . . . sobre posibles delitos de Falsa Representación (Menos graves y Graves) y de Violación a la Ley de Vehículos y Tránsito, Sec. 2-801 (delitos Menos Graves), supuestamente cometidos por la Hull-Dobbs Company of Puerto Rico". Se alegó además que

---

[1] Observamos, de paso, que la relación que se unió a la petición de *certiorari*—corresponde al año 1965–66—es distinta a la que se incorporó a la moción que dio origen a este procedimiento ante el tribunal de instancia —corresponde al año 1964–65.

[2] El Sr. Lancaster se encontraba fuera de Puerto Rico.

la información básica había sido obtenida de un informe de intervención de la Oficina del Contralor, que el Lic. Sánchez admitió conocer, "y por lo tanto, vuestro peticionario tiene el convencimiento de que esos documentos están en poder de la compañía Hull Dobbs y que el señor Donnell [*sic*] no quiere producir". Solicitó que se expidiera una citación al señor Dohnert para que compareciera ante el Tribunal a prestar testimonio y a producir los documentos indicados, bajo apercibimiento de desacato.

En 20 de mayo, luego de celebrada una vista, el tribunal a quo dictó una orden (3) para que se expidiera la citación

---

(3) La orden, copiada a la letra, lee:

"En el caso de epígrafe se ha radicado una Moción debidamente juramentada por el Fiscal Especial General Nunzio Frattellone Di Gangi, en la cual hace constar que el señor Harry Donnell, empleado de la Hull-Dobbs Company de Puerto Rico, cuya dirección es Carretera #2, Km. 3.7, Barrio Monacillos, Río Piedras, Puerto Rico, ha sido citado para comparecer ante dicho funcionario público, trayendo consigo una serie de documentos, los cuales fueron requeridos para que trajera consigo para ante dicho funcionario.

"El señor Harry Donnell no cumplió con la citación expedida por el señor Fiscal Especial General, por lo que solicita que de conformidad *con lo dispuesto en el tercer párrafo de la Regla 235 de las de Procedimiento Criminal del año 1963*, este Tribunal expida la citación para la comparecencia y examen bajo juramento de dicho testigo, debiendo comparecer dicho testigo con los documentos que se relacionan en dicha Moción.

"Habiéndose establecido a satisfacción del Tribunal los hechos alegados en la Petición a que se ha hecho referencia, el Tribunal POR LA PRESENTE ORDENA que se expida citación mediante copia de esta orden al señor Harry Donnell, empleado de la Hull Dobbs Company de Puerto Rico, cuya dirección es Carretera #2, Km. 3.7, Barrio Monacillos, Río Piedras, Puerto Rico, para que comparezca ante el Fiscal Especial General, Nunzio Frattallone Di Gangi, el día 3 de junio de 1966, a los 9:00 de la mañana, en la oficina de la División de Investigaciones Criminales, del Departamento de Justicia, sita en la Calle Fortaleza, Edificio New York Department Store, 5to. Piso, San Juan, Puerto Rico.

"Dicho testigo deberá comparecer trayendo consigo los documentos relacionados en el anexo a esta orden y los cuales comprenden 166 marbetes. Se apercibe a dicho testigo que de no cumplir con dicha citación podrá ser procesado por Desacato y/o incurrirá en una violación a las disposiciones de la Ley #3, del año 1954.

"Se notificará a las partes con copia de la orden dada por el Tribunal en el día de hoy."

correspondiente al señor Dohnert para que compareciera trayendo consigo los documentos relacionados en el anexo que se referían a 166 marbetes. En esta orden por primera vez se hace referencia a que la solicitud se funda en lo dispuesto en el tercer párrafo de la Regla 235 de las de Procedimiento Criminal de 1963, y en el apercibimiento se le informa al testigo que su desobediencia puede dar lugar a un proceso "por desacato y/o incurrirá en una violación a las disposiciones de la Ley núm. 3, del año 1954".

El testigo Dohnert solicitó se dejara sin efecto la orden. Se celebró una vista durante la cual no se presentó prueba alguna. En corte abierta el juez a quo dejó provisionalmente sin efecto la orden mediante la siguiente resolución:

"El Tribunal, oídas las manifestaciones de las partes, va a dejar sin efecto la orden expedida para la comparecencia del Sr. Harry Donnell, [sic] empleado de Hull-Dobbs. Esta orden fue dada el 20 de mayo de 1966 para que esta persona compareciera el 3 de junio de 1966 a las nueve de la mañana ante el Fiscal Especial General, Nunzio Frattallone Di Gangi. El Tribunal no tiene duda alguna que de acuerdo con la Regla 235 el señor Fiscal . . . y dice la Regla en la parte pertinente: 'Cualquier Fiscal podrá expedir citación para la comparecencia y examen bajo juramento de testigos ante sí a los fines de la investigación de un delito. Si un testigo no obedeciera su citación, el Tribunal, a solicitud del Fiscal, expedirá mandamiento para su comparecencia ante dicho funcionario, en la fecha y hora que señalare, bajo apercibimiento de desacato'. Y el inciso tercero de la ley, o sea, corregimos, la sección primera de la Ley Número 3 de 18 de marzo de 1954 establece que toda persona citada como testigo por cualquier Fiscal o Magistrado, estará obligada a comparecer y a testificar o a presentar libros, archivos, correspondencia, documentos u otra evidencia que se le requiera en cualquier investigación, procedimiento o proceso criminal.

El Tribunal no tiene duda alguna de que el Señor Fiscal tiene perfectísimo derecho a citar a cualquier testigo para que comparezca con la documentación que él crea pertinente, y de no comparecer puede utilizar el auxilio del Tribunal para obligar

dicha comparecencia, salvo bajo apercibimiento de desacato. Sin embargo, estima el Tribunal que en la forma que se ha hecho el requerimiento en este caso no ha sido de tal naturaleza que deba el Tribunal hacer uso de su autoridad sin que antes se le dé una oportunidad a las personas que se han relacionado para que produzcan documentos específicos. El Tribunal estima que el Sr. Harry Donnell [*sic*] puede bajo juramento y en una declaración jurada aclarar mucha de la incógnita que tiene el Señor Fiscal y si el Ministerio Público requiriese a estas personas para que comparezcan con documentación específica y de no hacerlo, el Tribunal entonces entiende que estaría en una situación que debe hacer uso de la autoridad que le confiere la ley. Pero una petición en esta forma, entiende el Tribunal que no debe darle curso, por cuanto no se ha cumplido, a nuestro juicio, con el propósito de la ley, que no debe ser en una forma completamente general. Igualmente entiende el Tribunal que la documentación que obra en poder de la Rama Ejecutiva, estando a la disposición del Ministerio Público, debe agotarse esos medios de prueba antes de solicitar a otras personas que produzcan dicha evidencia.

El Tribunal deja sin efecto, como expresáramos anteriormente, la orden expedida el 20 de mayo de 1966 hasta tanto el Ministerio Público, mediante moción, informe al Tribunal la documentación específica que interesa con la cual comparezcan las personas que han sido citadas, no a base de una expresión general de "Todos los documentos que se refieren con tal marbete', sino una cuestión específica, que diga: 'La licencia—como ejemplo—que se refiere con dicho marbete', o 'Tal o cual documentos', o 'Tal o cual facturas'. Esa información el Ministerio Público puede obtenerla de declaración jurada que pueda tomarle a estos testigos. Naturalmente, si los testigos se niegan a declarar, el compañero Fiscal tiene los medios en ley para lograr esa declaración. Así es que esta es la resolución del Tribunal.

El compañero Fiscal radicará la correspondiente moción en su oportunidad, de no comparecer el testigo Harry Donnell [*sic*] con la documentación que interesa el Ministerio Público, previo los trámites de ley que hemos relacionado."

No conforme con la resolución transcrita se solicitó su revisión mediante *certiorari* que fue oportunamente expedido. Se señala que el juez a quo erró (a) en su interpretación de la Ley Núm. 3 de 18 de marzo de 1954, 34 L.P.R.A. secs. 1476–1479; (b) al sostener que el ministerio público i) estaba obligado a dar una especificación más detallada de los documentos que interesaba, y, ii) a obtener, de ser ello posible, la información requerida de los récords públicos antes de acudir al presente procedimiento; y, (c) al dejar sin efecto la orden sin que desfilara prueba alguna sobre los hechos expuestos por las partes en el curso de la vista.

1. La Ley Núm. 3 de 18 de marzo de 1954, *supra*, ([4]) conocida como Ley de Inmunidad de Testigos, dispone en las secciones pertinentes que:

"Sección 1.—Toda persona citada como testigo por cualquier fiscal o magistrado estará obligada a comparecer y a testificar o a presentar libros, archivos, correspondencia, documentos u otra evidencia que se le requiera en cualquier investigación, procedimiento o proceso criminal.

Sección 2.—Si habiendo comparecido, dicha persona rehusare contestar una pregunta o producir la evidencia solicitada alegando que ello puede incriminarle, el magistrado motu proprio

---

([4]) La Ley Núm. 3 sustituyó la Núm. 13 de 9 de abril de 1941 (Leyes, pág. 347), cuyos propósitos y alcances aparecen discutidos en *Batalla* v. *Tribunal de Distrito*, 74 D.P.R. 289, 313–317 (1953). Véanse también *Zapata* v. *Tribunal Superior*, 79 D.P.R. 414 (1956), *Pueblo* v. *Quiñones*, 69 D.P.R. 731 (1949), y los Arts. 239 y 241 del Código de Enjuiciamiento Criminal.

La intención legislativa al aprobar la Ley Núm. 3 aparece expuesta en el informe de la Comisión de lo Jurídico de la Cámara de Representantes sobre el P. del S. 442, *Diario de Sesiones*, 1954, págs. 740–741, y de la clara exposición que ante dicho cuerpo se hizo por el delegado Sr. Polanco Abréu y del debate que se desarrolló, *op. cit.,* págs. 741–757. En resumen, se proponía (a) eliminar la inmunidad automática que protegía al testigo citado tan pronto declaraba bajo juramento sin que fuere necesario que reclamara el privilegio contra la autoincriminación, y, (b) limitar la inmunidad al delito objeto de la investigación y no a otros que surgieran en la declaración del testigo ante el magistrado o el fiscal.

o a solicitud del fiscal levantará un acta de los procedimientos y después de oir y consignar en el acta la alegación del testigo le ordenará que conteste la pregunta o produzca la evidencia requerida y la persona estará obligada a cumplir con dicha orden.

Sección 3.—Cuando una persona hubiere cumplido con una orden así dictada no será procesada ni estará sujeta a penalidad o confiscación alguna por cualquier transacción, materia o cosa acerca de la cual haya declarado o producido evidencia si de dicha declaración o evidencia realmente resultare que la persona tenía derecho a ampararse en el privilegio de no declarar o producir evidencia para no incriminarse. Dicha persona podrá, sin embargo, ser acusado y estará expuesta a penalidad por cualquier perjurio, contestación falsa o desacato en que incurriere al contestar, dejar de contestar, producir o dejar de producir evidencia, de acuerdo con la orden dictada por el magistrado."

Podrá observarse que la Sec. 1 de la ley se limita a exponer la obligación que tienen los testigos de comparecer a los fines de una investigación. Todo el procedimiento siguiente—levantamiento del acta, orden para contestar o presentar la evidencia documental—entra en juego, según el texto de la Sec. 2, cuando el testigo ha comparecido pero (1) rehúsa contestar o producir la evidencia documental (2) fundando su negativa en que ello puede incriminarle. No vemos cómo pueda invocarse aquí la ley mencionada. De la extensa relación de hechos que precede surge meridianamente claro que el representante de Hull Dobbs Company of Puerto Rico compareció ante el fiscal en cumplimiento de la citación dirigídale y que su negativa a entregar la prueba documental que se interesa—sin identificarla ni describirla— no obedece a que se reclame que puede incriminar al testigo, sino simplemente a que sólo tiene en su poder los cheques que ofreció entregar. La mejor demostración de la inaplicabilidad de la ley bajo la cual el fiscal pretende derivar su autoridad es que no se ha levantado acta alguna de los

procedimientos. Ello es así porque el propósito único de la misma es proveer para la inmunidad de los testigos citados en una investigación cuando durante la misma puede lesionarse el derecho constitucional de no incriminarse. (⁵)

■ La otra disposición bajo la cual se ampara el fiscal es el párrafo tercero de la Regla 235 de las de Procedimiento Criminal de 1963, que autoriza a los fiscales a expedir citaciones para la comparecencia y examen bajo juramento de testigos a los fines de la investigación de un delito. Y añade: "Si un testigo no obedeciere su citación, el tribunal, a solicitud del fiscal, expedirá mandamiento para su comparecencia ante dicho funcionario en la fecha y hora que señalare, bajo apercibimiento de desacato". Presumiendo que esta regla cubra los casos en que se requiere la producción de evidencia documental, la dificultad con que tiene que enfrentarse el fiscal es que el testigo no desobedeció su citación, ya que se admite que compareció ante dicho funcionario con los documentos que tenía en su poder.

Toda la controversia se reduce a que el fiscal insiste en que el testigo ha debido producir, en adición a los cheques cancelados, otros documentos que a su juicio tienen que estar en posesión de Hull Dobbs Company of Puerto Rico. Ante el acuciante interrogatorio del juez a quo sobre la naturaleza o identidad de los documentos muy poca luz pudo arrojar sobre el particular. Su exposición contribuyó a acentuar el galimatías. Partió de una serie de especulaciones insustanciadas como su vehemente convicción de que tienen que existir otros documentos para demostrar a qué vehículos

---

(⁵) Si, como expuso el fiscal en la moción solicitando la orden, el propósito de la investigación era determinar la existencia de infracciones cometidas por la corporación, tampoco podría seguirse el procedimiento de la Ley Núm. 3. Sabido es que la garantía constitucional contra la autoincriminación no está disponible para las corporaciones, *Hale* v. *Henkel*, 201 U.S. 43 (1906); *Hyster Company* v. *United States*, 338 F.2d 183 (9th Cir. 1964); *United States* v. *Luros*, 243 F.Supp. 160 (1965).

específicamente se le fijaron los marbetes. (⁶) Para ello señala que en los cheques no figura el concepto por el cual se expidieron. Confiesa, no obstante, que por ignorar el sistema de contabilidad que utiliza la empresa no podría decir cuáles son los documentos que interesa, pero ni siquiera ha intentado determinarlo mediante el interrogatorio bajo juramento del testigo.

■ En verdad la situación no justificaba que se expidiera una orden bajo apercibimiento de desacato. El fiscal, que sospecha la existencia de otros documentos en adición a los que se le ofrecieron, no ha puesto al tribunal en condiciones de dictarla. Parece apropiado añadir que el fiscal no está limitado por la expresión del señor Dohnert al efecto de que no tiene bajo su custodia ningún otro documento relacionado con los marbetes y que en el legítimo descargo de su función de investigación puede citarlo para que declare bajo juramento, al igual que a los otros funcionarios o empleados de la empresa que interviene en la tramitación de estas transacciones, para tratar de determinar sobre la existencia de otros documentos. Si de las declaraciones se desprendiera que existen otros documentos, podría obligarse a su producción.

---

(⁶) En la larga exposición del fiscal durante la vista, la referencia a los documentos que tenía en mente, fue la siguiente:

"Hon. Juez:

¿Cuáles documentos son los que el compañero tiene en mente, si alguno?

Hon. Fiscal:

Sí, señor; primero, el cheque que se refiere . . . o sea, que fue el medio para comprar este marbete. Segundo, el talonario o cualquier otro documento, registro de la Corporación, donde se anota el concepto por el cual se expidió esa suma de dinero en ese cheque. Que me parece que del curso normal de los negocios hacer una anotación por tal motivo, por tal razón se gasta un dinero en la Corporación. Segundo, las fechas. Que la Corporación establezca: 'Yo gasté $12.00 pare comprar un marbete número X, este marbete fue para ese carro'. Eso es lo que quiero saber."

2. En su resolución dejando sin efecto la orden, el juez de instancia manifestó que cuando la evidencia documental interesada puede obtenerse por el ministerio público en agencias ejecutivas "debe agotar esos medios de prueba" antes de recurrir a otras personas para que produzcan los documentos. Este pronunciamiento es erróneo. El fiscal puede conducir su investigación en la forma que estime apropiada dentro del marco que define la ley, siempre que no se lesionen los derechos de los testigos y los presuntos acusados. Como proposición general no está en la obligación de tratar de obtener la evidencia en agencias públicas donde ésta puede encontrarse antes de dirigirse a otras fuentes particulares. Tal vez esa sea la mejor práctica para mantener una mayor confidencialidad en la investigación, pero no es una norma invariable. En ausencia de una alegación de que el requerimiento para la producción de documentos sea oneroso u opresivo, caso en que el tribunal puede adoptar medidas para la protección del testigo citado, una persona tiene la obligación de comparecer para propósitos de una investigación.[7]

*En virtud de lo expuesto, se anulará el auto expedido y, aunque por distintos motivos, se confirmará la resolución dictada por el Tribunal Superior, Sala de San Juan, en 2 de junio de 1966.*

---

[7] Aun en el trámite procesal civil, no empece que la parte promovente tenga conocimiento de los hechos sobre los cuales se interroga, el requerido está obligado a contestar. *Autoridad de Fuentes Fluviales* v. *Corte*, 66 D.P.R. 866 (1947).

Entre las medidas de protección el tribunal puede transferir la fecha para la producción de documentos y proporcionar un término razonable para localizarlos, u ordenar que se especifique más particularmente los documentos que se interesan.