# 96 DTA 96

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

HON. SECRETARIO DE JUSTICIA
Peticionario Ex-Parte

Núm. KLCE-95-00710

San Juan, Puerto Rico, a 22 de abril de 1996

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Martínez Torres y Rodríguez García

Martínez Torres, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Nos toca dilucidar si el Ministerio Fiscal puede, por medio de la Regla 235 de Procedimiento Criminal, solicitar la producción de un documento, como parte de la etapa investigativa de un delito no especificado, sin citar testigo alguno.

### I

El fiscal Joseph Martínez Pérez, Fiscal Auxiliar de la División de Crimen Organizado y Fraude Contributivo del Departamento de Justicia, le cursó al Lcdo. Alberto Maldonado, Rector del Colegio Universitario del Este una citación oficial para investigaciones *(subpoena)*. La citación del 6 de julio de 1995 fue debidamente diligenciada el día siguiente. Mediante esta citación se requirió a la institución universitaria que entregara al agente portador de la citación el expediente personal de la estudiante Ruth Nally González Montero O'Tobin, relacionado con la investigación de un delito. Dicha investigación oficial la estaba llevando a cabo el agente de la policía Luis A. Vélez Crespo, placa Núm. 17558. Los asesores legales del Colegio Universitario del Este informaron al rector que

para entregar dicho expediente debía mediar una orden del tribunal. Esta misma contestación le dio el Lcdo. Alberto Maldonado, Rector de la Universidad, al fiscal Martínez Pérez.

A raíz de este requerimiento, el 19 de julio de 1995 el fiscal presentó ante el Tribunal de Primera Instancia, Sala Superior de Carolina, una Solicitud de Orden para la Producción de Documentos de acuerdo con la Regla 235 de Procedimiento Criminal. Esta solicitud fue denegada el 7 de agosto de 1995 por el Tribunal de Primera Instancia, mediante resolución suscrita por la Honorable Heydee Pagani Padró. Entendió el tribunal que la Regla 235 de Procedimiento Criminal no es de aplicación al proceso ya que por tratarse de un pleito civil lo que corresponde es realizar el debido emplazamiento a la otra parte, de suerte que pueda exponer las razones por las cuales objeta la entrega del expediente. De esta resolución recurre ante nos el Secretario de Justicia mediante recurso de *certiorari* en el que alega que aplica el último párrafo de la Regla 235 de Procedimiento Criminal, sobre la expedición de citaciones para la comparecencia de testigos ante los fiscales a los fines de la investigación de un delito. El Secretario cita también otras disposiciones legales que discutiremos más adelante, que a su juicio autorizarían la citación en controversia. Autorizamos la intervención del Colegio Universitario del Este, el cual ha comparecido en oposición a que se revoque la resolución emitida por el Tribunal de Primera Instancia.

Entendemos, aunque por fundamentos distintos a los invocados por el tribunal de instancia, que la Regla 235 de Procedimiento Criminal no aplica a la situación ante nos.

## II

El último párrafo de la Regla 235 de Procedimiento Criminal autoriza a los fiscales a expedir citaciones para la comparecencia y examen bajo juramento de testigos a los fines de la investigación de un delito. ■ Meléndez, Fiscal Especial Independiente, **94 J.T.S. 42**, pág. 11731; *Pueblo v. Tribunal Superior,* 99 D.P.R. 98, 104 (1970). Tal y como expresó el Tribunal Supremo en el caso *Frattallone Di Gangi v. Tribunal Superior,* 94 D.P.R. 104, 113 (1967), *"presumiendo que esta regla'"cubra los casos en que se requiere la producción de evidencia documental...",* no se ha producido la incomparecencia de un testigo, que sería lo que activaría el tercer párrafo de la Regla 235. En esas circunstancias se expediría un mandamiento de comparecencia bajo apercibimiento de desacato. En el caso Frattallone Di Gangi, *supra*, el Tribunal Supremo determinó que no procedía el apercibimiento de desacato a una persona que compareció pero que no pudo producir los documentos requeridos por el fiscal, ya que esta regla lo que provee es un método para asegurar la comparecencia de testigos y no la producción de evidencia documental.

En el caso ante nos ni siquiera se está citando a un testigo. Lo que desea el fiscal es la entrega de evidencia documental necesaria para la investigación de un delito. No puede dicho requerimiento fundamentarse en la Regla 235 de Procedimiento Criminal. Fratallone Di Gangi, *supra*.

Por otro lado la *"Ley Contra el Crimen Organizado",* Ley Núm. 33 de 13 de julio de 1978, 25 L.P.R.A. sec. 971 *et. seq.,* según enmendada, establece un procedimiento mediante el cual el Secretario de Justicia puede solicitar la información que sea necesaria para una investigación. Este procedimiento está condicionado a que el Secretario de Justicia tenga motivos fundados para creer que la persona está en posesión, custodia o dominio de cualesquiera documentos u objetos relevantes a una investigación sobre actividad de crimen organizado ■ según definida en dicha Ley. Sin embargo, dicho requerimiento deberá cumplir con lo siguiente:

*"(b) (1) establecer la naturaleza de la conducta que constituye la alegada actividad de crimen organizado que se investiga y las disposiciones de ley aplicables;*

*(2) describir con precisión y certeza la clase o clases de documentos u objetos a producirse, a los fines de que se pueda identificar fácilmente;*

*(3) establecer la fecha fija en que el requerimiento deberá ser devuelto, concediendo un período de tiempo razonable para que se puedan producir los documentos u objetos para su inspección, copia o reproducción; y*

*(4) designar el custodio a quien se hará entrega del material requerido*

*(c) El requerimiento no podrá:*

*(1) contener solicitud alguna que resulte irrazonable si fuere solicitado mediante un subpoena duces tecum, emitido por un tribunal; o*

*(2) requerir que se produzca evidencia de naturaleza privilegiada; o*

*(3) impedir que la persona invoque su derecho a no autoincriminarse, concediéndosele al Secretario de Justicia la facultad de otorgarle inmunidad en tal caso."*

Artículo 13, *Id.* sec. 9711(b)(c).

En el caso de autos, aunque el fiscal pertenece a la división contra el crimen organizado, no ha puesto al tribunal en condiciones de poder determinar si la investigación que se pretende realizar es una cobijada por esta Ley. De ser así, el fiscal podría utilizar el Artículo 13, *Id.*, para los propósitos de su investigación. El tribunal no puede presumir tal cosa sin prueba que lo demuestre. Del expediente no surge el delito por el cual se lleva a cabo la investigación. Tampoco el ministerio fiscal ha establecido que dicho delito esté comprendido dentro de las conductas que la Ley Contra el Crimen Organizado tipifica como actividades prohibidas. Artículo 3, *Id.*, sec. 971b, según enmendada. En fin, el Ministerio Público no ha demostrado que sean de aplicación a este caso las disposiciones de la Ley Contra el Crimen Organizado.

En cuanto a las reglas sobre descubrimiento de prueba, es forzoso concluir que éstas no aplican ya que son parte de los procedimientos preliminares al juicio una vez se ha puesto en marcha el proceso penal. La Regla 95(a) de Procedimiento Criminal concede al acusado el derecho a descubrir prueba en poder del Ministerio Fiscal mediante moción *"sometida en cualquier momento después de haberse presentado la acusación o denuncia...."* La Regla 95A(a) otorga al fiscal el derecho a descubrir prueba que posea el acusado luego que este último haya solicitado lo propio bajo la Regla 95. Por último, la Regla 95B(b) dispone que el descubrimiento de prueba será *"completado en un plazo no mayor de diez (10) días antes del juicio."* Es claro que estas reglas no son de aplicación durante la etapa investigativa en la que se encuentra el caso de autos. Meléndez, Fiscal Especial Independiente, *supra*.

Por último, la Sección 1 de la Ley de Inmunidad de Testigos, Ley Núm. 3 de 18 de marzo de 1954, 34 L.P.R.A. sec. 1476, citada también por el Secretario de Justicia como fundamento en su petición de *certiorari*, provee:

*"Toda persona citada como testigo por cualquier fiscal o magistrado estará obligada a comparecer y a testificar o a presentar libros, archivos, correspondencia, documentos u otra evidencia que se le requiera en cualquier investigación, procedimiento o proceso criminal."*

El propósito de esta ley es proveer la inmunidad de los testigos citados en una investigación cuando durante el transcurso de la misma puede lesionarse el derecho de no incriminarse de alguno de ellos. Esta sección, así como el caso Frattallone Di Gangi, *supra*, establecen que una persona está en la obligación de comparecer para propósitos de una investigación, y que sólo si el requerimiento de documentos es opresivo y oneroso puede entonces intervenir el tribunal para proteger al testigo.

La lectura de la Sección 1, *supra*, nos lleva a concluir que estamos ante otra disposición legal que provee para la citación de personas ante un fiscal. La comparecencia puede ir acompañada de un requerimiento de documentos que esa persona debe llevar consigo. No estamos ante una disposición legal que permita al ministerio fiscal requerir la producción de un documento durante una etapa investigativa sin que se cite también al testigo para que éste tenga la oportunidad de oponerse y hacer valer los derechos que pueda tener, como ha sucedido en el caso ante nos.

No pretendemos en ningún momento dejar al ministerio público sin la poderosa arma de conducir su investigación de la forma que estime apropiada. Sólo evaluamos los fundamentos expuestos a la luz de los hechos particulares del caso ante nos. Entendemos que el ministerio público no colocó al tribunal *a quo* en posición de poder determinar la base de su requerimiento. Aun cuando el fiscal tenga fundamentos sólidos en derecho para requerir el expediente de la estudiante Ruth Nally González

Montero O'Tobin, no procede que discutamos dicha controversia ya que la fiscalía no ha demostrado la base jurídica de su petición. Una vez la fiscalía demuestre que legalmente puede solicitar el expediente estudiantil a través de una orden o *subpoena*, la institución universitaria se verá en la obligación de cumplir con la ley federal aplicable. La Enmienda Buckley Pell a la Ley sobre Derechos Educativos Familiares y Privacidad *["Buckley Pell Amendment of Family Educational Rights and Privacy Act (FERPA)"]*, Ley Pública 90-247, Título IV, Sec. 438, 88 Stat. 571, de 21 de agosto de 1974, según enmendada, 20 U.S.C. sec. 1232g, incisos (b) (1) (J) (ii) y (b) (2) (B), y la reglamentación que la implementa, 45 C.F.R. sec. 99.31(a) (9) (i), disponen bajo qué condiciones la institución universitaria que recibe fondos federales puede revelar la información contenida en los expedientes estudiantiles, sin el previo consentimiento del estudiante, o el de sus padres si se trata de un menor de edad. ■

## III

Por todo lo expuesto, se expide el auto y se confirma la resolución emitida por el Tribunal de Primera Instancia.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

**ESCOLIOS 96 DTA 96**

**1.** *"Regla 235.-Testigos; Quién Podrá Expedir Citación*

*Cualquier magistrado podrá expedir citación para la comparecencia y examen bajo juramento de testigos ante sí a los fines de la investigación de un delito o de una vista preliminar. Cuando el fiscal, en los casos y bajo las condiciones que estas reglas lo permitan, provea al tribunal el nombre y dirección de imputados o testigos, ello se entenderá como una solicitud de citación, bien para el trámite de determinación de causa, para el acto de juicio o para cualquier procedimiento pendiente de vista. En estos casos será deber del tribunal, prontamente, expedir u ordenar al secretario del tribunal que expida la citación o citaciones correspondientes, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados.*

*El juez de cualquier tribunal podrá expedir u ordenar al secretario que expida citación para la comparecencia de cualquier testigo a juicio, a la toma de su deposición o a cualquier vista. El secretario del tribunal, a petición del acusado, podrá expedir citaciones libres de costas a esos mismos fines.*

*Cualquier fiscal podrá igualmente expedir citación para la comparecencia y examen bajo juramento de testigos ante sí a los fines de la investigación de un delito. Si un testigo no obedeciere su citación, el tribunal a solicitud del fiscal podrá expedir mandamiento para su comparecencia ante dicho funcionario en la fecha y hora que señalare, bajo apercibimiento de desacato."*

**2.** El término *"actividad de crimen organizado"* significa *"cualquier acto o amenaza relacionado, pero no limitado a asesinato, secuestro, juegos ilegales, leyes relativas a la prostitución, incendio, apropiación ilegal, robo, obscenidad, soborno, extorsión o la venta, posesión o transportación de sustancias controladas, o armas, sujeto a acusación criminal bajo las leyes del Estado Libre Asociado o las leyes de los Estados Unidos de América."* Artículo 2(b), *supra* sec. 971a(b), según enmendado.

**3.** Disponen:

*"§ 1232g. Family educational and privacy rights*

*(b) Release of education records; parental consent requirement; exceptions; compliance with judicial orders and subpoenas; audit and evaluation of federally-supported education programs; recordkeeping.*

*(1) No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information,' as defined in paragraph (5) of subsection (a) of this section) of students without the written*

*consent of their parents to any individual, agency, or organization, other than to the following--*

*(J) (i) the entity or persons designated in a Federal grand jury subpoena, in which case the court shall order, for good cause shown, the educational agency or institution (and any officer, director, employee, agent, or attorney for such agency or institution) on which the subpoena is served, to not disclose to any person the existence or contents of the subpoena or any information furnished to the grand jury in response to the subpoena; and*

*(ii) the entity or persons designated in any other subpoena issued for a law enforcement purpose, in which case the court or other issuing agency may order, for good cause shown, the educational agency or institution (and any officer, director, employee, agent, or attorney for such agency or institution) on which the subpoena is served, to not disclose to any person the existence or contents of the subpoena or any information furnished in response to the subpoena....*

*(2) No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection unless-*

*(A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or*

*(B) except as provided in paragraph (1) (J), such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency...."*

*"§ 99.31 Under what conditions is prior consent not required to disclose information?*

*(a) An educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure meets one or more of the following conditions:*

*(9)(i) The disclosure is to comply with a judicial order or lawfully issued subpoena.*

*(ii) The educational agency or institution may disclose information under paragraph (a)(9)(i) of this section only if the agency or institution makes a reasonable effort to notify the parent or elegible student of the order or subpoena in advance of compliance...."*

FERPA autoriza al Secretario Federal de Educación a cancelar todo desembolso de fondos federales a una institución educativa si ésta no cumple voluntariamente con las disposiciones anteriores. *Supra* sec. 1232g(f).

La Ley sólo autoriza la divulgación sin aviso previo de la llamada *"información de directorio" ("directory information")*. Se trata de información general no confidencial, que la sec. 1232g(a)(5)(A) define como sigue:

*"the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student."*

Sobre la divulgación de expedientes estudiantiles, véanse: *Student Press Law Center v. Alexander,* 778 F.Supp. 1227 (D.D.C. 1991); *Tombrello v. USX Corp.,* 763 F.Supp. 541 (N.D.Ala. 1991); *Bauer v. Kincaid,* 759 F.Supp. 575 (W.D.Mo. 1991); *Reeg v. Fetzer,* 78 F.R.D. 34 (D.C.Okl. 1976); *Kestenbaum v. Michigan State University,* 294 N.W.2d 228 (Mich. App. 1980).