The **PLEASANT HILL BANK,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 20268-2.

United States District Court,
W. D. Missouri, W. D.

Jan. 22, 1973.

Leon G. Kusnetzky, Kansas City, Mo., for plaintiff.

J. Whitfield Moody, First Asst. U. S. Atty., Kansas City, Mo., for defendant.

## ORDER TO FILE ADDITIONAL STATEMENT

COLLINSON, District Judge.

This is an action for conversion of certain fixtures and equipment used in the operation of a nursing home. The action is maintained under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (1970).

On August 23, 1972, plaintiff served notice of deposition on defendant. The

notice contained the following request pursuant to Rule 30(b)(5), F.R.Civ.P., for production of documents:

> At this deposition the person designated by the Office (sic) of Housing and Urban Development shall produce under Rule 30(b)(5) all the letters, documents, mortgages, deeds of trust, security agreements, involving this transaction and subsequent acts concerning the personal property and real property involved therein. . . .

Defendant appeared at the time and place specified in the notice, but counsel for defendant allegedly did not fully comply with plaintiff's request for production.

On September 15, 1972, plaintiff moved the Court under F.R.Civ.P. 37(a) to compel defendant to produce the remaining Department of Housing and Urban Development (HUD) documents requested by plaintiff. Defendant opposes the motion on two grounds. First, defendant asserts that plaintiff's request was too general. Secondly, defendant suggests that production of the remaining HUD documents would violate the disclosure exemptions of the Freedom of Information Act, 5 U.S.C. § 552(b)(1)–(9) (1970) [hereinafter referred to as the Act], and would present the risk of criminal liability under 18 U.S.C. § 1905 (1970) for disclosing information to an extent not authorized by law.[1]

On October 12, 1972, the Court, in conference with counsel orally directed counsel for defendant to submit all the HUD documents considered privileged by defendant for *in camera* inspection. Exhibit No. 1 is a letter from P. A. Townsend, HUD Regional Counsel, to Bert C. Hurn, United States Attorney. In addition to quoting the nine disclosure exemptions of the Act, Mr. Townsend states:

> We have affixed to the separate documents a tab with the number or numbers showing the exempt categories upon which we are relying for non-disclosure.[2]

Exhibit Nos. 2 through 7 are groups of HUD documents. There are 48 documents varying in length from one to several pages. A numbered tab is attached to the first page of each. The following are the specific disclosure exemptions of the Act upon which defendant relies:

> (b) This section does not apply to matters that are—
>
> . . . . .
>
> (3) Specifically exempted from disclosure by statute;
>
> (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;
>
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;
>
> . . . . . .
>
> (7) investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency.
>
> . . .

5 U.S.C. § 552(b) (1970).

Defendant's first ground in opposition to plaintiff's motion to compel

---

1. 18 U.S.C. § 1905 (1970) is not a relevant consideration in this case. Any information that is discoverable under the Federal Rules of Civil Procedure cannot be said to be confidential information under this provision, Exchange National Bank of Chicago v. Abramson, 295 F.Supp. 87 (D. Minn.1969), even if exempt from disclosure to the public under the Freedom of Information Act.

2. To be conceptually correct, privilege must be claimed by the agency in custody of the documents. A party defendant not the agency cannot claim a privilege which, of course, it does not have. We shall consider Mr. Townsend's letter to the United States Attorney as a procedurally adequate claim of privilege, see Rule 509(c), F.R.Evid., but we shall refer to the claim as if asserted by defendant.

production is without merit. F.R.Civ. P. 34(b) requires that a request for production "shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." Plaintiff's request for "all the letters, documents, mortgages, deeds of trust, security agreements" regarding the underlying transaction and subsequent transactions involving the property in question satisfies the categorical listing and "reasonable particularity" conditions of Rule 34(b). Defendant's counsel does not suggest that he has had any difficulty in determining precisely what plaintiff wished to inspect.

■ Defendant's second ground in opposition, that the HUD documents are exempt from disclosure under the Act, gives rise to a more difficult issue. Implicit in defendant's objection is the assumption that information exempt from disclosure to the general public under the Act, by that fact alone, is "privileged" within the meaning of F.R. Civ.P. 26(b)(1), and thus not discoverable by a civil litigant. We find that assumption to be unsound.

Even if we posit *arguendo* that the HUD documents are exempt from disclosure, it does not necessarily follow that they are privileged for purposes of civil discovery. This is evident on the face of the exemptions. Subsection (b)(3) of the Act denies public access to matters which are specifically exempted from disclosure by other statutes. "There are nearly 100 statutes or parts of statutes which restrict public access to specific Government records." [3] H.R. Rep.No.1497, 89th Cong., 2d Sess. 10 (1966); 1966 U.S. Code Cong. & Admin. News, pp. 2418, 2427. A number of such statutes, however, "provide explicit recognition of the power of the federal courts to order production under

Rule 34." Moore, Federal Practice ¶ 26.61 [7], at 26–332 n. 24 (1972). As such, a Government document which is not available to the general public under the Act by virtue of a collateral non-disclosure statute yet may be discoverable by a civil litigant. The short of the matter is that exemption under subsection (b)(3) does not necessarily demonstrate privilege.

Subsection (b)(4) of the Act exempts trade secrets and commercial or financial information obtained from any person and privileged or confidential. The scope of this exemption was outlined by the House Government Operations Committee:

> This exemption would assure the confidentiality of information obtained by the Government through questionnaires or through material submitted and disclosures such as the mediation of labor-management controversies. It exempts such material if it would not customarily be made public by the person from whom it was obtained by the Government. The exemption would include business sales statistics, inventories, customer lists, scientific or manufacturing processes or developments, and negotiation positions or requirements in the case of labor-management mediations. It would include information customarily subject to the doctor-patient, lawyer-client, or lender-borrower privileges such as technical or financial data submitted by an applicant to a Government lending or loan guarantee agency. *It would also include information which is given to an agency in confidence*, since a citizen must be able to confide in his Government. Moreover, where the Government has obligated itself in good faith not to disclose documents or information which it receives, it should be able

3. A list of those statutes may be found in a House Committee Print published in 1960 for the use of the Committee on Governmental Information and entitled "Federal Statutes on the Availability of Information." Davis, The Information Act: A Preliminary Analysis, 34 U.Chi. L.Rev. 761, 786 (1967).

to honor such obligations. H.R.Rep. No. 1497, 89th Cong., 2d Sess. 10 (1966); 1966 U.S.Code Cong. & Admin.News, pp. 2418, 2427 (emphasis added).

Confidentiality of information was also recognized as a sufficient ground for non-disclosure under the Act by the Senate Judiciary Committee. S.Rep.No.813, 89th Cong., 1st Sess. 9 (1965). While confidentiality of information may be sufficient ground for non-disclosure under the Act, "under the Rules [of Civil Procedure] there is no general principle that makes information otherwise discoverable privileged because it was given in confidence." Moore, Federal Practice ¶ 26.61 [4.–3], at 26–276 (1972); Wright and Miller, Federal Practice and Procedure § 2043 (1970). In the same connection, "trade secrets," though exempt from disclosure under subsection (b)(4), unquestionably are discoverable by a civil litigant under F.R.Civ.P. 26 (c)(7). Admittedly, a great deal of information exempt under subsection (b)(4) will also be privileged under Rule 26(b)(1), but defendant's mere assertion of exemption is not sufficient to show privilege.

Subsection (b)(5) of the Act clearly illustrates that Congress did not intend by virtue of the Act to restrict civil litigants to the same access enjoyed by the general public, but in fact intended quite the contrary:

> Subsection(b)(5) provides that inter-agency and intra-agency memoranda are public information only insofar as they would be available "by law" in an action between the agency and a party not an agency. "By law" refers, of course, to the Rules of Civil Procedure. Thus, the availability of such materials under the Rules is un-

affected by the statute. . . . Moore, Federal Practice 26.6. [4.–3], at 26–277 (1972).

In other words, the criterion for disclosure under subsection (b)(5) is the "privilege" for inter-agency and intra-agency memoranda recognized under the Rules.[4] Defendant's bald assertion that several of the HUD documents are exempt from disclosure under subsection (b)(5), and thus privileged, is a classic instance of "bootstrapping" and is utterly meaningless for our purposes without an independent showing of privilege under Rule 26(b)(1).

The recently adopted Federal Rules of Evidence (effective July 1, 1973) further clarify the relationship between the discovery provisions of the Federal Rules of Civil Procedure and the Freedom of Information Act. F.R.Evid. 509(b) grants the Government a privilege "to refuse to give evidence and to prevent any person from giving evidence" that reasonably might disclose "official information." Rule 509(a)(2) defines "official information" as "information within the custody or control of a department or agency of the government *the disclosure of which is shown to be contrary to the public interest* and which consists of . . . (C) information within the custody or control of a governmental department or agency whether initiated within the department or agency or acquired by it in its exercise of its official responsibilities *and not otherwise available to the public pursuant to 5 U.S.C. § 552"* (emphasis added). For evidentiary purposes, then, Government information that is exempt under the Freedom of Information Act is not privileged without an additional showing that disclosure would be con-

---

4. Such a privilege has been found by the courts with respect to discovery of agency opinions and recommendations utilized in an agency's decision-making process as opposed to objective factual data prepared for inter-office use. *E. g.,* Boeing Airplane Co. v. Coggeshall, 108 U.S.App. D.C. 106, 280 F.2d 654 (1960). But it is a qualified privilege. *E. g.,* United States v. Procter & Gamble Co., 25 F.R.D. 485 (D.N.J.1960).

 

trary to the public interest.[5] Such a showing is also the source and standard for any governmental privilege cognizable under Rule 26(b)(1). *See* Wright and Miller, Federal Practice and Procedure § 2019 (1970); Moore, Federal Practice ¶ 26.61 [7] (1972).

The only permissible conclusion is that the disclosure exemptions of the Act were not intended to and do not create or show by their own force a privilege within the meaning of Rule 26(b)(1) disqualifying a Government document from discovery. Since defendant relies only upon an assertion of exemption under the Act, in the mistaken belief that exemption is equivalent to privilege, and since the HUD documents do not bespeak privilege on their face, we are not now in a position to honor the claim of privilege.

A party objecting to discovery on the ground of privilege has the burden of establishing the existence of privilege. Wright and Miller, Federal Practice and Procedure § 2016, at 126 & n. 68 (1970). What little effort defendant has made to sustain its burden now stands rejected by the Court. Since there may well be information in the HUD documents which should be protected, we will require defendant to furnish the Court with a detailed description of the nature and significance of each HUD document for which protection is sought and a statement why the

disclosure of each HUD document would be contrary to the public interest, including (where available) citations to decisions recognizing a relevant governmental privilege. Defendant also will be required to state as to each document whether an asserted privilege may be satisfied by the deletion of a part of the document. This additional material is to be filed with the Court *in camera* within ten (10) days of the date of this order. Should defendant fail in this, we shall order that the HUD documents be filed with the Clerk of the Court for inspection and copying by plaintiff.

It is so ordered.

---

5. The Advisory Committee's note on Rule 509, F.R.Evid., is highly instructive:

In 1966 the Congress enacted the Freedom of Information Act for the purpose of making information in the files of departments and agencies, subject to certain specified exceptions, available to the mass media and to the public generally. 5 U.S.C. 552. These enactments are significant expressions of Congressional policy. The exceptions in the Act are not framed in terms of evidentiary privilege, thus recognizing by clear implication that the needs of litigants may stand on somewhat different footing from those of the public generally. Nevertheless, the exceptions are based on

values obviously entitled to weighty consideration in formulating rules of evidentiary privilege. In some instances in these rules, exceptions in the Act have been made the subject of specific privileges, *e. g.*, military and state secrets in the present rule and trade secrets in Rule 508. The purpose of the present provision is to incorporate the remaining exceptions of the Act into the qualified privilege here created, thus subjecting disclosure of the information to judicial determination with respect to the effect of disclosure on the public interest. This approach appears to afford a satisfactory resolution of the problems which may arise.