The CANAL AUTHORITY OF the STATE OF FLORIDA et al., Plaintiffs,

v.

Robert F. FROEHLKE, Secretary of the United States Army, et al., Defendants.

The CROSS–FLORIDA CANAL ASSOCIATION et al., Plaintiffs,

v.

Robert F. FROEHLKE, Secretary of the United States Army, et al., Defendants.

Eleanor H. MILLER et al., Plaintiffs,

v.

Avery S. FULLERTON et al., Defendants.

ENVIRONMENTAL DEFENSE FUND, INC., et al., Plaintiffs,

v.

CORPS OF ENGINEERS OF the UNITED STATES ARMY, et al., Defendants.

J. G. PERKO, Plaintiff,

v.

The CANAL AUTHORITY OF the STATE OF FLORIDA, etc., et al., Defendants.

Nos. 71–92–Civ–J, 71–486–Civ–J, 71–489–Civ–J, 71–652–Civ–J and 71–26–Civ–Oc.

United States District Court, M. D. Florida.

Jan. 4, 1979.

John H. Gullett, Jon T. Brown, Washington, D. C., Robert S. Ryder, Ocala, Fla., Alan B. Fields, Jr., Palatka, Fla., William L. Eagan, Orlando, Fla., Michael S. Nabi, Ralph E. Elliott, Jr., Jacksonville, Fla., for plaintiffs.

Gary B. Randall, Atty., Dept. of Justice, Washington, D. C., Robert S. Yerkes, Asst. U. S. Atty., Jacksonville, Fla., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

The cases before us involve environmental issues relating to the construction of the proposed Cross-Florida Barge Canal ("Canal"). The Canal was a public works project which the Army Corps of Engineers ("the Corps") was authorized to construct by Public Law 77–675 (1942), which law had as its purpose the creation of a waterway across the northern part of Florida.

Presently before the Court are the motions of plaintiffs Environmental Defense Fund ("EDF") and Florida Defenders of the Environment ("FDE") to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. By their motion, EDF and FDE seek to compel defendants Robert F. Froehlke, Secretary of the Army ("Froehlke"), Avery S. Fullerton ("Fullerton") and the Corps (collectively, "federal defendants") to produce the nine appendices to a document entitled "Final Report: An Evaluation of the Transportation Economics of the Cross-Florida Barge Canal" ("Final Report"), as well as all supplements, updates, work-support material, work sheets, interview sheets, source materials and other documents related to the appendices. The primary issue before this Court is whether the information sought is privileged and, therefore, not subject to discovery under the Federal Rules of Civil Procedure. For the reasons outlined below, we find the information not to be privileged and, therefore, will grant plaintiffs' motions to compel discovery.

The Final Report was prepared by A. T. Kearney, Inc. ("Kearney"), a consultant to the Corps, pursuant to an Order issued on January 31, 1974, by the Honorable Harvey M. Johnsen, Senior Circuit Judge for the Eighth Circuit, sitting by designation. *Environmental Defense Fund v. Corps of Engineers*, Civil Action No. 71–652 (M.D.Fla. 1974). The Order required the Corps to ". . . prepare or have prepared for it 'a detailed and complete environmental impact study of the project,' with the inclusion therein of 'all environmental and other factors requisite to a determination of appropriate action to be taken in the management of completed portions of the project.' "

The federal defendants published the Final Report in June, 1976. The main volume of the Final Report set forth, *inter alia,* the conclusions of Kearney with respect to the transportation benefits to be expected from the operation of the proposed Canal. The data supporting these conclusions were relegated to nine appendices which were labeled "confidential" and which were not made available to the plaintiffs. EDF, on August 19, 1976, requested production of these appendices and related supplements pursuant to Rule 34 of the Federal Rules of Civil Procedure. In their response to this request, dated September 17, 1976,[1] and in their memorandum in opposition to plaintiffs' motion to compel discovery, the federal defendants argue, *inter alia,*[2] that the information contained in the appendices is commercial information which was obtained from potential industry users of the Canal with the express understanding that it would not be disclosed and that it would be used in a manner that would protect the privileged nature of the information. Specifically, the material contained in the appendices allegedly includes information on transportation rates, tonnages and methods used to ship commodities through the Canal, which information is alleged by the federal defendants to be confidential business information within the purview of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(4), which they contend exempts the information from disclosure through the discovery process. The federal defendants further assert that their objection to the production of this information is consistent with Corps of Engineers Regulation ER 360–2–103 and federal statute, 18 U.S.C. § 1905, and that protection from disclosure is recognized by Rule 26(c)(7) of the Federal Rules of Civil Procedure.

In their motion to compel production, the plaintiffs assert that the information contained in the appendices is highly relevant to the instant action in that it includes the data upon which defendants have based their projections of the transportation benefits to be derived from the construction of the Canal and, further, that its disclosure is necessary in order that plaintiffs might have an opportunity to refute defendants' projections based thereon and to assess the impact of the Canal upon the Florida environment.

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." Fed.R.Civ.P. 26(b)(1). It is well established that while the various discovery rules "are to be accorded a broad and liberal treatment . . . limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." *Hickman v. Taylor,* 329 U.S. 495, 507–508, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947).

The relevancy which the information contained in the appendices bears to these proceedings is beyond dispute, especially under the liberal standards to be applied at

---

1. Plaintiffs EDF and FDE, in late 1976, filed a motion to compel production of the appendices, pursuant to Fed.R.Civ.P. 37, but voluntarily withdrew their motion prior to this Court's issuance of a ruling on the motion. The present motion is substantially identical to the 1976 motion to compel.

2. The Court notes that the federal defendants also assert that EDF and FDE have failed to comply with "Local Rule 3.04(a)" which they allege requires a movant to confer with opposing counsel in a good faith effort to resolve by agreement the issue raised before filing a motion to compel. While we are unaware of such a Local Rule in this District, and have not been supplied with a copy of such a Local Rule from any other District, we note that the existence of such a Rule would be irrelevant to our determination of the motion before us, because this motion is almost identical to a motion to compel which the plaintiffs filed in late 1976 and to which the defendants responded in detail. *See* note 1, *supra.*

The federal defendants also argue that this entire litigation will be rendered moot by passage by the United States Congress of a law which will permanently terminate the Canal project. However, the Court notes that the possibility that at some time in the future this litigation might be rendered moot by an Act of Congress does not divest this Court of its responsibility to the litigants presently before it.

the discovery stage. *See* Wright & Miller, *Federal Practice and Procedure,* § 2008 (1970). The primary issue in this litigation is the effect of the construction of the Canal upon the Florida environment. The Final Report, as defined by the Order compelling its preparation, is an environmental impact statement. The information contained in the appendices is the underlying data upon which the Final Report's conclusions are based. The information sought is clearly probative with respect to, *inter alia,* the issue of the efficacy of the projections made by defendants and to the question of the risk of pollution to the underground water supply in the area of the Canal.

We must determine, therefore, whether this information, although relevant, is privileged and, therefore, not discoverable under the Federal Rules of Civil Procedure. In addressing this issue, it is important to note that the defendants' reliance upon the FOIA as a defense to production is misplaced. Since the information is sought through the discovery process and not through an FOIA request, the defendants' assertion that the information is within exemption 4 of the FOIA as "commercial or financial information obtained from a person and privileged or confidential," 5 U.S.C. § 552(b)(4), must be read as a claim of privilege within the context of the discovery process. As the District of Columbia Court of Appeals noted in *Association for Women in Science v. Califano,* 566 F.2d 339 (D.C.Cir.1977):

> (T)he FOIA neither expands nor contracts existing privileges, nor does it create any new privileges. *Chamber of Commerce of the United States v. Legal Aid Society of Alameda County,* 423 U.S. 1309, 1310–11, 96 S.Ct. 5, 46 L.Ed.2d 14 (Douglas, Circuit Justice, 1975); *Verrazzano Trading Corp. v. United States,* 349 F.Supp. 1401, 1403 (Cust.Ct.1972).

*Id.,* at 342. That case involved an appeal from a district court's denial of the plaintiff's motion to compel discovery of certain conflict of interest forms required of special Government employees. In a thoughtful opinion, Judge Tamm, whose reasoning we adopt, found that the defendant was asserting one of the privileges which is unique to the United States Government; that is, the confidential report privilege. As Judge Tamm noted, these privileges are based on specific Government interests. The confidential report privilege:

> (c)overs a wide range of situations in which the Government seeks to protect from disclosure confidential reports which it has received from citizens . . . [and] it is based on the governmental interest in protecting the flow of information concerning the subject of the report in question.

*Id.,* at 343.

However, the Court went on to note:

> For the confidential report privilege even to be considered, the confidentiality requirement must be statutorily based. It will not suffice that the government merely has held the report out as confidential, by marking the report form "confidential," for example. *See Ackerly v. Ley,* 137 U.S.App.D.C. 133, 136–7, 420 F.2d 1336, 1339–40 n. 3 (1969). Similarly, the privilege will not be called into play simply because a department head, acting only on general authority, declares via regulation that reports submitted to his agency are to be considered "confidential." *Cf.* 5 U.S.C. § 301 (1970) ("housekeeping" statute does not authorize withholding of information or records).

*Id.,* at 344 (footnote omitted). Judge Tamm then held that the district court's finding that the confidential report privilege existed in that case was correct, because proper legal authority for its assertion did exist. *Id.,* at 344. He found further that the qualified privilege thus created met the high standards necessary to outweigh the need of the plaintiffs for the information in question and, therefore, the district court's denial of the plaintiff's motion to compel discovery was affirmed. *Id.,* at 346.

■ The instant case presents the opposite situation, in that proper legal authority to trigger the existence of the confidential report privilege in the first instance does

not exist and, therefore, plaintiffs' motion to compel discovery must be granted. ER 360–2–103,[3] the Corps regulation advanced by the federal defendants in support of their privilege, is far from sufficient to establish such authority. Rather, on its face, ER 360–2–103 is an interagency memorandum containing guidelines and policy which relate specifically to the gathering, use and release of information in the context and under the authority of the FOIA, 5 U.S.C. § 552. As discussed *supra,* the FOIA and its exclusionary provisions are irrelevant to a motion to compel discovery under the Federal Rules. *A fortiori,* interagency memoranda outlining policy for release of information under the FOIA are immaterial to motions to compel under the Federal Rules and serve to place no limits on the discovery process.

Likewise, defendants' position can draw no support from 18 U.S.C. § 1905.[4] That statute permits disclosure of officially obtained information where disclosure is "authorized by law." It is clear that information which is otherwise discoverable under Fed.R.Civ.P. 26(b)(1) is information which the Government is authorized by law to disclose. *Pleasant Hill Bank v. United States,* 58 F.R.D. 97, 98, n. 1 (W.D.Mo.1973), quoting *Exchange National Bank of Chicago v. Abramson,* 295 F.Supp. 87, 92 (D.Minn.1969), *appeal dismissed,* 407 F.2d 865 (8th Cir. 1968) (*per curiam*).

For the foregoing reasons, we hold that the information sought by plaintiffs is not privileged, is relevant to the instant proceedings and is, therefore, discoverable under the Federal Rules of Civil Procedure. Accordingly, the plaintiffs' Fed.R.Civ.P. 37 motion to compel discovery will be granted.[5] An appropriate Order will be entered.

---

**3.** Corps of Engineers, Department of the United States Army, regulation ER 360–2–103 states, in pertinent part:

  3. *References.*

    a. Public Information Section of the Administrative Procedure Act 5 USC 552.

        \*   \*   \*   \*   \*   \*

    b. Use of Data.

      (1) Any information or data, provided with the understanding that such data will not be disclosed will be used in such a manner as to preclude unauthorized disclosure contrary to the understanding. Privileged data will not be presented in reports that may ultimately be released to the public, unless such data are collated and/or masked with other data to avoid unauthorized disclosure.

        \*   \*   \*   \*   \*   \*

      (4) The following are types of information that will not be released:

        \*   \*   \*   \*   \*   \*

      (a) Matters specifically exempted from disclosure by other statutes.

      (b) Trade secrets and commercial or financial information obtained from any person as privileged or confidential.

      (c) Interagency and intra-agency memorandums and letters which would not be available by law to a private individual in litigation with the Department of Defense or any agency of the Department.

**4.** 18 U.S.C. § 1905 states, in pertinent part:

Whoever, being an officer or employer of the United States or of any department or agency thereof, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties . . . shall be fined not more than $1,000 or imprisoned not more than one year . . . .

**5.** The party from whom discovery is sought may file a request in this Court for a protective order, pursuant to Fed.R.Civ.P. 26(c)(7). The Court notes that any party seeking a protective order pursuant to Fed.R.Civ.P. 26(c)(7) must file the appropriate motion with this Court and make the requisite good cause showing before such order will be issued. *See Johnson Foils, Inc. v. Huyck Corp.,* 61 F.R.D. 405, 409 (N.D.N.Y.1973). A mere assertion that the information involved is confidential is not sufficient. *Rosenblatt v. Northwest Airlines, Inc.,* 54 F.R.D. 21 (D.C.N.Y.1971); *see* Wright & Miller, *Federal Practice and Procedure,* § 2043 (1970). Thus, while this Court has the discretionary power to limit unnecessary disclosure through the imposition of special conditions for the protection of the party required to answer, this Court, at the present time, has not been supplied with the proper motions or with sufficient information to frame such conditions.